## Gray *against* Van Amringe.

In an action by an attorney at law to recover an account for professional services rendered to the defendant, the plaintiff is entitled to recover interest.

ERROR to the District Court of *Allegheny* county.

H. H. Van Amringe, Esq. against James Gray. This was an action on the case in *assumpsit* to recover the amount of an account for professional services as an attorney at law, rendered by the plaintiff to the defendant.

The only question argued in this court arose upon an exception to the opinion of the court in which (Dallas President) charged the jury: " That if the plaintiff was entitled to recover, the jury might allow interest upon his account."

*M'Connell*, for plaintiff in error, argued that the nature of the plaintiff's claim was not such as justified the calculation of interest upon it, and cited 6 *Binn.* 162; 16 *Serg. & Rawle* 258; 4 *Watts* 334.

*M'Clure* and *M'Candless*, for defendant in error, on the same point, cited 3 *Binn.* 295; 12 *Serg. & Rawle* 393; 4 *Dall.* 269; 6 *Binn.* 159; 16 *Serg. & Rawle* 258; 3 *Wend.* 356.

The opinion of the Court was delivered by

KENNEDY, J.—The only matter assigned in this case for error, that has been pressed, is an exception to the instruction of the court below to the jury on the defendant's fourth point; which was, that an attorney at law was not entitled to recover interest on his account charging for professional services. The court, however, told the jury that the plaintiff had precisely the same claim to interest upon his account that a mechanic, tradesman or physician had, and that they would be right if they allowed it. In order to decide upon the correctness of this instruction to the jury, it is proper to notice the facts, as established by the evidence, upon which it was founded. The evidence showed incontestably that the account exhibited by the plaintiff was reasonable, and such as the defendant ought to pay him for the services which it was also shown by the evidence that he had performed. That the account was presented by the plaintiff, on the 12th of September 1839, to the defendant for payment; but the latter conceiving that too much was charged against him in the account, refused to pay it. In *Obermyer* v. *Nichols*, (6 *Binn.* 163, 164), it was held that in-

[Gray v. Van Amringe.]

terest was recoverable in *assumpsit* for money had and received; and likewise for work and labour. In a case, therefore, where the plaintiff has performed work, labour and services of any kind, no matter what, at the special instance and request of the defendant, without any express agreement between them fixing the prices or sums of money that shall be paid therefor, and after having performed the same, demands of the defendant what shall be deemed afterwards by a court and jury a reasonable compensation, which the latter refuses to pay, it would seem to be just that the plaintiff should recover interest on the amount so demanded from the time of the demand. This principle, I take it, is not only supported by the judicial determinations in Pennsylvania, but founded in reason and justice, which clearly require that every man should pay to another that which he justly owes him, at the very furthest, upon its being demanded; and if he refuses to do this, it is such an injury, by unlawfully withholding from the plaintiff his just right, as fairly entitles him to demand interest by way of compensation for it. Seeing, then, in this case, that the demand of the plaintiff was, in the opinion of the jury, what was justly owing to him by the defendant, which the defendant refused to pay, the instruction of the court to the jury, in regard to interest, was right. And our opinion is, also, that the court were right in their instruction to the jury on the other points assigned for error, though not argued.

Judgment affirmed.