# Vanderpool, to use of Markham, *v.* Vanderpool, Appellant.

*Judgment—Assignment of judgment—Pledge of judgment as security for attorney's fees—Opening judgment.*

On an application to open a judgment, both plaintiff and defendant testified that there was nothing due to plaintiff by defendant when the judgment was entered. It appeared from the record that plaintiff had assigned the judgment, on condition that the assignee should collect the amount of the judgment and account to plaintiff after deducting fees and expenses. Subsequently plaintiff executed a paper revoking the authority of the assignee to collect the judgment and an order to satisfy the judgment. *Held* that the rule to open the judgment should be made absolute, and an issue awarded to determine how much was equitably due to the assignee, the judgment to be satisfied as to all above such amount.

In such a case the burden is on the assignee to show the amount of his expenses, that they were proper in nature and amount, and that they had been actually incurred in good faith before he was notified that his power had been revoked.

Argued March 13, 1894. Appeal, No. 219, Jan. T., 1894, by defendant, Nelson Vanderpool, from order of C. P. Bradford Co., May T., 1891, No. 98, discharging a rule to open judgment. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Rule to open judgment. Before PECK, P. J.

The record showed that the judgment had been entered against defendant for want of a sufficient affidavit of defence on Sept. 7, 1891. On April 12, 1893, the following assignment, dated June 6, 1892, signed and sealed by Martin Vanderpool, was filed of record:

" For value received I hereby assign the above judgment to A. B. Markham, Esq., of Mayville, Mich., he to collect and account to me therefor, after deducting his fees, expenses and the fee and expenses of James Wood of Towanda, Pa., who has been employed to prosecute said suits to completion, and collect the amount due and belonging to me upon said judgment. I do hereby also assign to said A. B. Markham all my rights and title or interest in any of the personal property bidden off by James Wood, Esq., for me at and under sheriff's

sale, upon any execution issued upon either of the above judgments, or upon the decree upon which such execution may have been formed. He, the said A. B. Markham, being fully empowered by the assignment to handle, use or sell, control or dispose of said personal property as his own, in his own name or otherwise for his use, reporting to me only after having fully settled with James Wood in a fair and impartial manner, after having fully paid himself for all services and disbursements to me."

On March 9, 1893, Martin Vanderpool executed a power of attorney which was in part as follows :

" Know all men by these presents : That I, Martin Vanderpool, of Mayville, in the county of Tuscona, in the state of Michigan, have made, constituted and appointed, and by these presents do make, constitute and appoint Dennis Crimmins of Asylum township, Bradford county, Pennsylvania, true and lawful attorney for me, and in my place, name and stead to settle and discontinue of record, any and all suits, whether in the orphans' court, or the court of common pleas, or any other court of Bradford county, or in the circuit court, or in the district court of the United States, or in any other court or magistracy of the United States, or of any other state, now pending, in which I am plaintiff, against Nelson Vanderpool ; with full power and authority to appear in every such suit in which I am interested, for me, and do for me in that behalf every and all thing or things that I could or might do if I were personally present.   And I do furthermore hereby revoke, annul, cancel and make void a certain power of attorney heretofore made by me to James Wood, of Towanda, Pa.   It is my desire that all litigation against the said Nelson Vanderpool, so far as I am concerned, shall cease and stop forthwith, there being no matters at variance between us, and I having no lawful or valid claim against him, the said Nelson Vanderpool, especially suit No. 558, December Term, 1892."

Martin Vanderpool also executed an order to satisfy the judgment.

The court discharged the rule on Markham's objection that his fees and expenses had not been paid.

*Error assigned* was above order.

*H. F. Maynard, I. N. Evans* and *Wm. Foyle* with him, for appellant, cited: Mullen v. Mageoch, 14 W. N. 127.

*James Wood,* for appellee, cited: Jaques v. Weeks, 7 Watts, 267; Anderson v. Brinser, 129 Pa. 404; Hottenstein v. Lerch, 104 Pa. 459; Barnes v. McClinton, 3 P. & W. 68; Lewis v. Bradford, 10 Watts, 79; Pentecost's Appeal, 1 W. N. 35; Leonard's Ap., 94 Pa. 176; Guthrie v. Bashline, 25 Pa. 81; Morton v. Morton, 13 S. & R. 108; Camp v. Walker, 5 Watts, 482; Eby v. Eby's Assignee, 5 Pa. 439.

OPINION BY MR. JUSTICE MITCHELL, July 11, 1894:

The defendant has made affidavit that there is nothing due on this judgment except the sum of $120 to Markham which he offers to pay, and there is also produced an affidavit of the plaintiff, Martin Vanderpool, that the proceeding resulting in the judgment was without his knowledge or consent, that the defendant at that time owed him nothing, and that, as he was then of age, no one had any authority to prosecute the suit or obtain the judgment for him. There are also produced from plaintiff a power of attorney to Crimmins, and an order on the prothonotary to satisfy the judgment.

Prima facie on this state of facts the judgment was void from the beginning, and should not only be opened but vacated absolutely and taken off the record. But it appears that other parties have intervened on the faith of the judgment and must be considered. In June 1893 an assignment was filed of record, dated June 6, 1892, and the whole trouble in the case seems to have arisen from the extraordinary misconception by the plaintiff's attorneys, of the nature of this assignment, and their powers and duties under it. The paper is spread at large on the record, and is an assignment of the judgment by the plaintiff to A. B. Markham, " to collect and account to me therefor, after deducting his fees, expenses, and the fees and expenses of James Wood." This is nothing more or less than a power of attorney to collect, with a pledge of the judgment as security for the fees and expenses named. The property in the judgment remains in the plaintiff, and he can resume control over it, satisfy it, or terminate the authority of the attorneys at any time, subject to the equity they have to be reimbursed

their fees and expenses. It is of no consequence that, as the learned counsel for the appellee seem to think, the whole amount of the judgment is really due the plaintiff, and he is being persuaded out of it. That is his business, not theirs, and if he chooses to give away his rights for family peace or any other reason, no objection can be heard from them beyond the protection of their interest for fees and expenses incurred before notice of revocation. As to such fees and expenses the burden of proof is upon them. Markham took the assignment with a duty to account, and to pay over after deducting fees and expenses. It is upon him to show what these were, that they are proper in nature and amount, and that they were actually incurred in good faith before notice of any of the plaintiff's acts which are equivalent to a revocation of the assignment, and especially before notice of the execution of the power of attorney to Crimmins in March 1893 formally revoking their authority. These, if the parties cannot agree, are matters for a jury.

Order reversed, and rule made absolute ; an issue to be awarded to determine how much is equitably due to the assignees, and the judgment to be satisfied as to all above such amount.