Commonwealth of Pennsylvania for the use of Martin Vanderpool, now to the use of A. B. Markham, *v.* Uriah Terry, Nelson Vanderpool, Cornelius Vanderpool, John Vanderpool, D. H. Crimmins, and D. H. Crimmins, attorney in fact of Martin Vanderpool, Appellants.

*Attorney and client—Assignment of judgment to secure fees.*

When a client assigns a judgment to his counsel who has conducted the litigation, as security for fees of counsel and expenses of the suit without restriction, the pledge is for the services which counsel has rendered prior to the assignment, as well as for such services as he may render in the collection of the judgment, so long as he continues as counsel in the case.

*Attorney and client—Discharge of attorney—Interest on fees.*

Where a client puts an end to the employment of his attorneys he determines the services and expenses to be considered in fixing the compensation which they are equitably entitled to receive. The client having dissolved his relations with his attorneys, the latter are at once entitled to be paid for the services which they had rendered, and in default of payment interest accrues from that date as a legal incident.

Argued Jan. 17, 1899. Appeal, No. 43, Jan. T., 1899, by defendants, from judgment of C. P. Bradford Co., May T., 1891, No. 98, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Assumpsit.    Before LYNCH, J., of the 11th judicial district, specially presiding.

It appears from the record that this case was before the Supreme Court on appeal from the order of the court below refusing a rule to open the judgment which had been assigned to A. B. Markham as collateral security for certain fees and expenses due and becoming due to him and James Wood of Towanda.    The order of the court was reversed, and an issue was awarded to determine how much was equitably due to the assignees and the judgment to be satisfied as to all above such amount, as will appear from the report of the case of Vanderpool v. Vanderpool, 162 Pa. 394.

Subsequently an issue was awarded to determine how much was equitably due to the assignees of the said judgment to No. 98, May term, 1891, Commonwealth of Pennsylvania for the use of Martin Vanderpool, now to the use of A. B. Markham, the plaintiff, and Uriah Terry, Nelson, Cornelius and John Vanderpool being the defendants.    On April 5, 1897, D. H. Crimmins, in his own right and as attorney in fact of Martin Vanderpool, was allowed to intervene and to be placed on the record as a party defendant in the issue.    The statement of claim and the answer or plea was filed and the issue came on for trial on December 13, 1897.

[At the trial the plaintiff offered to prove and was permitted to offer testimony, under objections of defendants, to prove what services James Wood had rendered Martin Vanderpool from September, 1888, James Wood being the witness on the stand.] [1]

Defendants submitted among others the following points:

[1. That in this issue the jury can only find in favor of the plaintiff for such amount as they find justly and equitably due him for services rendered and expenses incurred by him under the power of attorney given in evidence and dated June 6, 1892, and prior to his knowledge of the revocation thereof by Martin Vanderpool.    *Answer :* Denied.] [2]

[7. That if the defendants or any of them, in the judgment in which this issue is awarded, in good faith, for a valuable consideration and without notice of any right or interest of the plaintiff to or in the judgment, in March, 1893, settled with Martin Vanderpool for the judgment and procured his written

authority to satisfy it, then the verdict of the jury should be for the defendants.

The court made no answer.] [9]

The court charged the jury, inter alia, as follows:

[The plaintiff, upon whatever amount you find due, is entitled to interest from March 9, 1893.] [10]

Verdict for plaintiff, A. B. Markham, $154.32, and for James Wood, $775. Defendants appealed.

*Errors assigned* among others were (1) in overruling defendants' objections to plaintiff's offer of evidence, reciting same. (2) Refusing defendants' first point, reciting same. (9) In not answering defendants' seventh point, reciting same. (10) To portion of the judge's charge, reciting same.

*I. McPherson,* with him *S. H. Smith* and *J. C. Ingham,* for appellants.—An attorney has no title to a judgment he recovers for his client, and possession of funds collected is indispensable to entitle an attorney to them for fees in collecting them: DuBois's Appeal, 38 Pa. 231.

The law often declares transactions between persons void, which between other persons would be unobjectionable. Unless the transaction is fair and conscionable, it is deemèd a constructive fraud: Shoemaker v. Stiles, 102 Pa. 549.

If an attorney fraudulently claim the right to retain out of moneys collected by him a greater sum than the jury find to be just, he forfeits all right to any compensation: Balsbaugh v. Fraser, 19 Pa. 95; Shoemaker v. Stiles, 102 Pa. 549.

A sound public policy, which regards the real purpose for which courts are established, the relation of attorneys to the courts and to their clients, forbids an attorney from becoming a party in interest with his client and resisting his willingness to agree with his adversary: Weakly v. Hall, 13 Ohio, 167; Taylor v. Gilman, 58 N. H. 417; Boardman v. Thompson, 25 Iowa, 487; Murray's Estate, 13 Pa. C. C. 70.

The issue in this case was awarded and tried as if the defendants were debtor to A. B. Markham and James Wood for all the services and expenses for which they, by suit, might recover against Martin Vanderpool.

We cannot but view this as inequitable and unjust to the defendants. We concede that interest is of right for an unlawful withholding of money.

The facts in this case are very peculiar. When the defendants asked to have the judgment opened in 1893, they admitted that $120 was due to A. B. Markham; they alleged an offer or willingness to pay that amount, and did not ask to have the judgment opened only as to the amount in excess of that sum. The appellee by his attorney, James Wood, resisted opening the judgment for any sum. Neither Markham nor Wood ever gave their client any bill for their fees and expenses, nor informed him what they were.

An attorney should certainly be held to do this before it can be said that his client has wrongfully withheld his moneys.

*W. T. Davies*, with him *Wm. Maxwell*, for appellee.—It will be seen this power of attorney is coupled with an interest and cannot be revoked except subject to payment for the services and expenses to said attorney: Story on Agency, 477; Smyth v. Craig, 3 W. & S. 10; McKelvy's & Sterrett's Appeal, 108 Pa. 615; Vanderpool v. Vanderpool, 162 Pa. 394.

The fees due an attorney for professional services stand precisely the same, as to interest, as that of a mechanic, tradesman or physician: Gray v. Van Amringe, 2 W. & S. 128.

Interest "is a legal and uniform rate of damages, in absence of any express contract, when payment is withheld after it has become the duty of the debtor to discharge the debt. . . . Generally, in this country, interest is looked upon as an incident of the money, to be paid with the principal when the latter has been withheld after it became the duty of the debtor to pay it:" Mining Co. v. Jones, 108 Pa. 55.

To the same effect is Minard v. Beans, 64 Pa. 411.

OPINION BY W. D. PORTER, J., October 9, 1899:

In September, 1888, Martin Vanderpool employed A. B. Markham as his attorney, and through the latter retained James Wood to conduct the legal proceedings which, on September 7, 1891, resulted in the judgment which is the subject of this litigation. On June 6, 1892, the plaintiff, Vanderpool, executed a paper purporting to assign the judgment to A. B. Markham,

which instrument contained this provision, viz: "He (Markham) to collect and account to me therefor after deducting his fees, expenses, the fees and expenses of James Wood, of Towanda, Pa., who has been employed to prosecute said suits to completion and collect the amount due and belonging to me on said judgments," and it was further provided that Markham should report to Vanderpool, "Only after having fully settled with said James Wood in a fair and impartial manner, after having fully paid himself for all services and disbursements to me." This instrument was filed of record on April 12, 1893.

Martin Vanderpool, on March 9, 1893, executed a power of attorney to D. H. Crimmins authorizing him to settle and discontinue all suits against Nelson Vanderpool. The instrument further declared that he, Martin, had no valid claim against Nelson Vanderpool, and revoked a power of attorney which he had formerly given to James Wood. There is no evidence whatever tending to show that Crimmins made any settlement of the suits under this power of attorney. Nelson Vanderpool, on December 1, 1893, presented to the court his affidavit and petition, stating that he had a complete defense to the judgment, except as to the sum of $120, to secure the payment of which to A. B. Markham the judgment had been assigned to him, by Martin Vanderpool, as collateral security, and the petition prayed that the judgment be opened as to all of said judgment in excess of said sum of $120. The affidavit did not set forth the nature and character of the defense, but relied upon an affidavit of Martin Vanderpool, which was attached, setting forth that he (Martin) had no interest in said judgment, and the execution of the above recited power of attorney to Crimmins. Neither in this petition to open the judgment nor in the evidence is there any suggestion that Nelson Vanderpool had made any payment to or settlement with Martin Vanderpool. The court below granted a rule to show cause why the judgment should not be opened as prayed for, which rule was subsequently discharged. The Supreme Court, upon appeal, held that the alleged assignment to Markham was nothing more or less than a power of attorney to collect, with a pledge of the judgment as security for the fees and expenses named; that Markham took the assignment with a duty to account and to pay over, after deducting fees and expenses, and that the burden was upon the assignees

to show what the fees and expenses were ; that they were proper in nature and amount, and that the services were performed and the expenses incurred in good faith before notice of plaintiff's revocation of the assignment.    As to the surplus remaining, after payment of said fees and expenses, it was the property of Martin Vanderpool, who could do as he wished with his own.    The Supreme Court, reversing the judgment, made the rule absolute, directed an issue to be awarded to determine how much was equitably due to the assignees, and that the judgment be satisfied as to all above such amount: Vanderpool v. Vanderpool, 162 Pa. 394.    An issue was framed accordingly, and from the judgment entered therein in the court below we have this appeal.

The first seven specifications of error raise but one question. Did the power of attorney and assignment, of June 6, 1892, to Markham, pledge the judgment as security for the fees and expenses of himself and Wood, in that particular litigation, prior to the execution of the assignment?    It is contended on behalf of the defendants that the assignees can only recover for services rendered and expenses incurred subsequently to the execution of the power of attorney.    In the assignment there is no limitation of the fees and expenses to any period in the litigation.    As to the fees and expenses of Markham, the defendants admitted in their petition to open the judgment that there was due him the sum of $120, and only asked that the judgment be opened as to the amount in excess of that sum, and that $120 with interest is all which Markham now claims for himself.    The form in which the issue was directed to be framed required that this $120 should be included in the verdict, for the balance of the judgment is to be satisfied, but upon the record as here presented the judgment was not opened as to that item.    Apart from this, however, the assignment clearly pledges the judgment as security for the fees and expenses of the litigation prior to its execution.    Markham was to collect and account, " after deducting his fees, expenses, the fees and expenses of James Wood, of Towanda, Pa., who has been employed to prosecute said suits to completion."    Here is an unequivocal reference to an employment in the past, and there is no evidence which would sustain a finding that there had ever been any new employment of Wood after he was retained at the inception of the proceedings.    An attorney has no lien

upon a judgment standing in the name of his client, but when the attorney collects the judgment he has the right to retain his fees for and expenses in the litigation. When a client assigns a judgment to his counsel who has conducted the litigation, as security for the fees of counsel and expenses of the suit without restriction, the pledge is for the services which counsel has rendered prior to the assignment, as well as for such services as he may render in the collection of the judgment, so long as he continues as counsel in the case. In the present case it matters not that there was no liability upon the part of Markham for the fees of Wood, there was a liability upon the part of Martin Vanderpool, who pledged the judgment as security for the fees. If Vanderpool had desired to limit the claim of his counsel upon the judgment to compensation for a part of their services he might have done so, but he made his assignment broad enough to secure reasonable compensation to his counsel for their services in the proceeding. The learned court below limited the recovery to the period prior to notice of the revocation of the authority of the assignees, as attorneys for the assignor. The first seven specifications of error are without merit.

The eighth and ninth specifications relate to the refusal of the court to charge as requested in the sixth and seventh points submitted by the defendants. This action of the court would have afforded good grounds for complaint if there had been any evidence that the defendants or any of them had settled with Martin Vanderpool before receiving notice of the assignment of the judgment to Markham. If the defendants had paid any money, parted with any property, surrendered any right or been in any way prejudiced upon the faith of the ownership of the judgment by Martin Vanderpool, an entirely different case would have been presented. There was here nothing in the evidence which in any way tended to suggest anything of the kind. The petition to open the judgment did not allege any payment to or settlement with Martin Vanderpool, but prayed for relief upon the ground that defendants had never been indebted to him in any amount beyond $120. The power of attorney to Crimmins authorized him to settle, but there was no evidence that any settlement was made. As there was no evidence to support a finding of the facts stated in the points,

the defendants were not entitled to the·instructions requested. The eighth and ninth specifications are dismissed.

The tenth specification relates to the ruling of the court that Markham and Wood were entitled to interest upon their claims from March 9, 1893, when Martin Vanderpool revoked their authority and terminated the relation of counsel and client. The action of the client put an end to the employment of his attorneys and determined the services and expenses to be con-- sidered in fixing the compensation which they were equitably entitled to receive. The client having dissolved his relations with his attorneys, the latter were at once entitled to be paid for the services which they had rendered. It was the duty of the client to pay, and, having failed to do so, he was liable for interest on the amount due and unpaid: Gray v. Van Amringe, 2 W. & S. 128; Minard v. Beans, 64 Pa. 411; Mining Co. v. Jones & Laughlin, 108 Pa. 55. The question to be determined by this issue was the amount equitably due to Markham and Wood from Martin Vanderpool; the former held the judgment· as security for the debt, which included the interest as a legal· incident. All the specifications of error are overruled.

Judgment affirmed.