## McGahren *v.* Mosier, Appellant.

*Contract—Attorney at law—Employment—Professional services—Case for jury.*

In an action by an attorney at law against several persons to recover for professional services, where it appears that the services were rendered and that the amount claimed was reasonable, and the evidence for the plaintiff, although to some extent contradicted, tended to show

that he was employed by the general counsel of all the parties with authority to retain him, the case is for the jury, and a verdict and judgment for plaintiff will be sustained.

Argued March 4, 1913.   Appeal, No. 24, March T., 1913, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1910, No. 684, on verdict for plaintiff in case of John McGahren v. Frank C. Mosier.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Assumpsit for professional services.   Before STRAUSS, J. The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $441.75.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John R. Halsey*, with him *James L. Lenahan* and *Martin J. Mulhall*, for appellants.

*A. C. Campbell*, for appellee.

OPINION BY ORLADY, J., April 21, 1913:

The plaintiff, a member of the bar of Luzerne county, brought this action of assumpsit against the defendant and others named in the record, to recover for professional services rendered by him in a proceeding in which all of the named parties were interested, as petitioners in a proceeding in the court of common pleas of Luzerne county, in condemnation of certain real estate by a railroad company, the title to which was in these defendants. Miss R. Laura Cannon, a member of bar, originally represented the parties, and as alleged by the plaintiff, at the instance and request of the parties interested he was retained by her as associate counsel.   Whether she was instructed or requested to retain the plaintiff is not at all

material, as it is an admitted fact that pursuant to his selection by Miss Cannon as her colleague, he actively participated in the management of the litigation, and rendered general professional services in relation to it, that were for the benefit of each and all of the parties claiming damages from the railroad company, and under his direction the case progressed to a point when an award of $3,000 was recovered against the railroad company. He was actively in charge in the preparation of the preliminary papers, conducted the hearings, examined the witnesses, and made the final argument resulting in the award.

The defense is an ungracious one, as all the evidence adduced clearly shows that the plaintiff rendered efficient professional services in securing an award in favor of his client. A heedless and unwarranted intimation by one of the parties in the condemnation proceedings, that the plaintiff was acting as counsel for a coal company and such employment was inconsistent with his relation to the defendant, was very promptly and properly resented by the plaintiff in withdrawing from any further relation to the case, and directed the parties in interest to employ other counsel for the reason as stated by him, "If the result was not satisfactory they might give consideration to what you have stated to them and I am not going to take chances on that." Such a standard of professional propriety is to be commended. The plaintiff then presented a bill for professional services rendered to that date which is admittedly reasonable in amount. A defense was then set up, that his employment was limited to caring for the interest of but one of the parties, and that he did not represent the others, so that the whole controversy turned on the one question, whether Miss Cannon, the general counsel of all the parties, was authorized to retain the plaintiff on behalf of all the defendants in that proceeding or only of a particular one.

The jury were fully justified in rejecting the evidence offered by the defendants, and rendering a verdict in plain-

tiff's favor for the full amount of his claim, deducting the amount which he admitted had been paid to him on account. The disputed question of fact was fairly and clearly submitted to the jury and the verdict fully warranted by the evidence.

The assignments of error are overruled and the judgment is affirmed.