## Thole v. Martino, Appellant.

*Attorney at law—Suit for services—Quantum meruit—Impossibility of performance of contract.*

Where a client has employed an attorney at law under an agreement by which the latter should have fifty per cent of any amount claimed as credit by an accountant which should be disallowed by the orphans' court, and the client renders the performance of the contract impossible by withdrawing at the audit all objections to the account, the attorney may recover on a quantum meruit a proper amount for the services which he has rendered.

Argued Oct. 17, 1913. Appeal, No. 140, Oct. T., 1913, by defendant, from order of C. P. No. 5, Phila. Co., March T., 1913, No. 2,936, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Francis H. Thole v. Raffaele Martino. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on a quantum meruit for professional services.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Myles Higgins* for appellant, cited: Williams v. Philadelphia, 208 Pa. 282.

*John Weaver,* for appellee, cited: Com. v. Terry, 11 Pa. Superior Ct. 547; Philadelphia v. Tripple, 230 Pa. 480.

OPINION BY ORLADY, J., March 12, 1914:

There is no suggestion of merit in this appeal. The defendant admits in the affidavit of defense that he employed the plaintiff to render for him certain professional services in surcharging his guardian with specific items, and agreed that his compensation should be fifty per cent of any amount claimed as a credit by the guardian which should be disallowed by the orphans' court. At the adjudication of the estate, the defendant, being then of full age, personally withdrew all objections and exceptions to the account, when it was confirmed and decreed that the estate of the minor was indebted to the accountant as of the date of filing the account.

After ending the dispute in regard to the surcharge, his present contention is that the attorney should not recover because there is no basis for computing the fifty per cent provided for in the contract. Such a proposition cannot be entertained in a court of justice.

Having made the performance of the contract impossible by his own act, in rescinding that contract, he did not leave the plaintiff without an effective remedy.

There is no suggestion that the services were not rendered, nor that they were not of advantage to the client in the final adjustment he made with his guardian, nor that the amount claimed was excessive or unreasonable: Com. v. Terry, 11 Pa. Superior Ct. 547; McGahren v. Mosier, 53 Pa. Superior Ct. 467; Philadelphia v. Tripple, 230 Pa. 480.

The court rightly held the affidavit of defense to be insufficient and the judgment is affirmed.