## McNelis v. Ellwanger and Lentz, Appellants.

*Broker—Real estate broker—Commissions—Evidence—Case for jury.*

In an action by a real estate broker, to recover commissions for services rendered as a broker in connection with the sale of the real estate, the case is for the jury and judgment for the plaintiff will be sustained, where the evidence, although contradicted, tends to show that the efforts of the plaintiff were the direct, efficient, and procuring cause of the opening of negotiations, which resulted in the sale of property.

*Broker—Compensation—Interest.*

One who has performed services in the sale of real estate is entitled to interest on the amount, due and unpaid to him, at the time of the termination of his employment.

Argued October 15, 1918. Appeal, No. 114, October T., 1918, by defendants, from judgment of Municipal Court of Philadelphia, April T., 1917, No. 278, on verdict for plaintiff in case of James A. McNelis v. Christian Ellwanger and Charles M. Lentz. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover commissions on a sale of real estate. Before CRANE, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $206.36. Defendant appealed.

*Error assigned,* among others, was refusal of defendants motion for judgment n. o. v.

Co., 353.

*G. C. Ladner,* of *Ladner & Ladner,* for appellants.

*Stanley Folz,* of *Sundheim, Folz & Fleisher,* for appellees.

OPINION BY PORTER, J., July 17, 1919:

The plaintiff is a duly licensed real estate broker and brings this action to recover commissions for his services as a broker in connection with a sale of real estate by the defendants to Morris L. Miller. He recovered a verdict and judgment in the court below and the defendants appeal. The only issue of fact involved at the trial was as to the employment of the plaintiff by the defendants. The evidence was altogether sufficient to warrant a finding that the efforts of the plaintiff were the direct, efficient and procuring cause of the opening of the negotiations, between the defendants and Mr. Miller, which

resulted in the sale of the property. Upon the question of whether the defendants had employed the plaintiff the evidence was conflicting, and if we were called upon to exercise the function of jurors we might be inclined to the opinion that the weight of it was against the contention of the plaintiff. The testimony of the plaintiff, if believed, warranted a finding that the defendant Lentz had said to him before the transaction was closed that he would pay a commission, but that after the transaction was closed and the settlement made, he refused to pay the commission, alleging .that the plaintiff had represented Mr. Miller, the purchaser. His testimony would also have warranted a finding that he had had several conversations with the defendant Ellwanger, and that the latter had authorized him to find a buyer not only for the property in question but for another property of which he was the sole owner. This testimony was flatly contradicted by both of the defendants, but the credibility of the witnesses was for the jury to determine and the court did not err in refusing a binding instruction in favor of the defendants, nor in overruling their motion for judgment non obstante veredicto. There was no evidence which would have warranted a finding that the plaintiff was in the matter acting as the agent of Mr. Miller or was to receive any compensation from the latter for his services as a broker.

The court permitted counsel for plaintiff to ask the defendant Ellwanger whether he had paid any commission to anybody other than the plaintiff for selling the ground to Miller, and the witness testified that he had not. The admission of this testimony worked no injury to defendants' case, as the defendant Lentz had already testified, without any objection, to the same effect, and the entire testimony in the case had already clearly established that the defendants were now asserting that they acted for themselves in the entire transaction and had not authorized any agent to represent them. The court did not err in charging the jury that if the de-

fendants had employed the plaintiff the latter was en-
titled to the usual commission with interest thereon from
the date of his demand for payment, after the settlement
had been made and the transaction closed.   The appel-
lants contend that, the amount being unliquidated the
plaintiff is not entitled to recover interest on the amount
which became due him.   This is an action on the contract,
when the services had been performed and the relation of
employer and employee terminated, the plaintiff demand-
ed his compensation and the defendants refused to pay.
The former was at once entitled to be paid for the serv-
ices which he had rendered.   It was the duty of the de-
fendants to pay, and, having failed to do so, they were
liable for interest on the amount due and unpaid : Com.
v. Terry, 11 Pa. Superior Ct. 547.

The judgment is affirmed.