## Stephens v. Hartley.

*Attorney-at-law—Fees—Claim for interest.*

In an action by an attorney to recover fees, the jury may allow interest on the claim from the time that the claim was properly demanded, although no claim for interest was made by plaintiff in his statement.

Rule by defendant for new trial. C. P. Susquehanna Co., Aug. T., 1918, No. 88.

*W. A. Titsworth,* for plaintiff; *Van Scotten & Little,* for defendant.

SMITH, P. J., Aug. 1, 1924.—This action is *assumpsit* by plaintiff to recover, as set forth in his statement, a balance alleged to be unpaid from the defendant, $245, for his services as the latter's attorney; no mention of claim for interest appears in the statement; but at the trial the jury rendered a verdict for the plaintiff in the following language: "Verdict $150.00, plus six per cent. simple interest since April 15, 1918, or $204.00."

The only one of the three reasons for new trial now urged is the second, viz.: "That the verdict is not justified by the pleadings in the case, in that no claim for interest was made by the plaintiff."

The Pennsylvania rule as to computation of interest is clearly stated by Justice Trunkey in Mining Co. v. Jones, 108 Pa. 55 (69), thus: "Generally, in this country, interest is looked upon as an incident of the money to be paid with the principal, when the latter has been withheld after it becomes the duty of the debtor to pay it."

And Porter, J., in Com. v. Terry, 11 Pa. Superior Ct. 547, in which the question of liability of the defendant debtor for interest upon an attorney's claim for fees for service rendered like at bar, said (page 554): "The client having dissolved his relations with his attorneys, the latter were at once entitled to be paid for the services which they had rendered. It was the duty of the client to pay, and, having failed to do so, he was liable for the interest on the amount due and unpaid."

It will be observed that the interest is not thus considered as part of the debt sued for, but only an "incident" thereto, and the case last cited is of

particularly important application at bar, for there we note the proceedings were in liquidating the amount of such attorney's claim in determining liability thereof upon a judgment held as collateral for the same and not in a suit upon the claim itself, and using the language again of Porter, J. (page 554): "The question to be determined by this issue was the amount equitably due Wood from Martin Vanderpool. The former held the judgment as security for the debt, which included the interest as a legal incident." 108 Pa. 55 is cited in his opinion.

The same incidental relation of the interest to the debt sued upon at bar exists, and, therefore, it was not necessary to include it in plaintiff's statement. Here, the relation of attorney and client had not terminated, but by letter appearing in evidence, the plaintiff, April 15, 1918, demanded payment of his fees from defendant. The verdict, $204, is less than claimed in the statement, and expressly states from what date—"April 15, 1918"—interest was computed by the jury and added to the principal debt ($150) awarded. Thus there is no uncertainty of date or the correctness of its adoption by the jurors, as supported by Gray *v.* Van Amringe, 2 W. & S. 128. Therefore,

And now, to wit, Sept. 1, 1924, rule for new trial discharged and the prothonotary is directed to enter judgment in favor of plaintiff and against the defendant for the amount of the verdict of the jury, with interest from date of verdict.

From Gerritt E. Gardner, Montrose, Pa.