# Pusey *v.* Thomas McCaffrey Building & Loan Assn., Appellant.

*Building associations—Investigation of, by Banking Department— Employment of counsel—Compensation—Liability of associations for —Act of June 15, 1923, P. L. 809.*

Where the Secretary of Banking, in investigating the affairs of corporations subject to his supervision, has not taken possession of

the business and property of the corporation, pursuant to Section 21 of the Act of June 15, 1923, P. L. 809, he is without authority to employ counsel and charge the corporation with his compensation.

An attorney employed by the Secretary of Banking, to aid in the investigation of certain building and loan associations, not taken over by him pursuant to the Banking Act, must look to the Commonwealth for compensation. He is not authorized by Section 9 of the Act of 1913 to collect his compensation from the association whose affairs were investigated. Nor does the solicitor of the association have power to bind the association by agreement to pay such compensation.

Argued October 27, 1927. Appeal No. 301, October T., 1927, by defendant from judgment of M. C., Philadelphia County, April T., 1926, No. 1264, in the case of F. T. Pusey v. Thomas McCaffrey Building and Loan Association. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit on an alleged oral agreement to pay for legal services. Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $276, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*Francis J. Walsh,* for appellant.

*Paul Van Reed Miller,* for appellee.

OPINION BY KELLER, J., March 2, 1928:

An examination of the defendant building and loan association's books and accounts made by an official state bank examiner disclosed certain irregularities on the part of its secretary. By reason thereof the

Secretary of Banking deemed it necessary to make a special examination or investigation into its affairs and those of four other building and loan associations having the same official. He retained the plaintiff, a practicing attorney-at-law, as counsel and to do such legal business for the Department of Banking as might arise in connection with this investigation. Whether this appointment was made by direction or authority of the Attorney General (See Article IX of the Administrative Code, P. L. 1923, pp. 548-551) does not appear and is not material in this proceeding.

A special audit was had which disclosed certain peculations and other wrongdoing on the part of the secretary and two other men who were associated with him in the conduct of some Christmas clubs, resulting in their arrest, and in pleas of guilty or nolo contendere, and sentence. Steps were taken by the solicitors of the building and loan associations, under the supervision of the Department of Banking, to secure restitution of the amounts embezzled or lost by the secretary, which resulted in practical reimbursement of the defalcations and losses. In all these matters the plaintiff gave the Department such legal counsel and advice as was necessary. The Secretary of Banking did not take possession of the business and property of any of the said building and loan associations, under section 21 of the Banking Act of 1923, P. L. 809.

When the business was practically completed the plaintiff had an interview with the solicitors of the building and loan associations; showed them that portion of section 9 of the Banking Act of 1923, supra, which provides that, "The expenses incurred in connection with any special examination or investigation of any corporation or person, including a proportionate part of the salary of any examiner or other employe of the department engaged in such examination or investigation shall be charged to and paid by such

corporation or person"; informed them that under its provisions the building and loan associations were liable for the payment of his legal services in connection with the investigation and presented a bill of $1,500 for all, or $300 against each association. The solicitors demurred somewhat at the amount, but on his reducing it to $1,200, or $240 for each association, agreed that it would be paid by their respective clients. The bills as presented by plaintiff to the several associations read: "For professional services as counsel for Banking Department, in re investigation arising out of Kenny irregularities, as per agreement of Counsel, $240." In making this statement of facts we have adopted the version of the plaintiff rather than of the solicitor of the defendant association, who denied any agreement on his part that the defendant would pay plaintiff's bill; for the verdict of the jury has resolved this and any other dispute of fact in favor of the plaintiff. The associations subsequently refused payment and this, and a like action against each of them, resulted.

We are not satisfied that the plaintiff correctly construed section 9 of the Banking Act of 1923, supra, when he informed defendant's solicitor that under its provisions the defendant associations were liable to pay his bill for legal services rendered the Banking Department. The Banking Act, supra, does specifically provide, (Sec. 24), that when the Secretary of Banking, with the approval and consent of the Attorney General, takes possession of the business and property of any corporation subject to his supervision, he may employ such legal counsel as he may deem necessary in the continuation of the business, or the liquidation and distribution of the assets; and in accounting for the assets of such corporation he may take credit for reasonable payments for their services as a necessary expenditure of the estate, subject to

the approval of the court having jurisdiction thereof
(Sec. 49); or if in taking possession of such corpora-
tion he supersedes any receiver previously appointed
by a court or any assignee or trustee for creditors
previously appointed by the corporation, the act also
expressly provides that the court shall allow proper
compensation to said receiver, assignee or trustee and
his counsel, which when determined shall be paid out
of the funds of said corporation in the hands of the
Secretary (Sec. 22).   But no authority is given him
in section 9 aforesaid expressly to employ counsel for
the Department of Banking in making the special in-
vestigation provided for therein, or to include com-
pensation of counsel as part of the expenses to be
charged against a corporation, unless it is taken over
as aforesaid by the Secretary; that the power is ex-
pressly given when the Secretary is authorized to take
possession of the corporation's business and property,
militates against any implied power to employ counsel
in advance of such taking over.   The term "a propor-
tionate part of the salary of any examiner or other
employe of the department" contemplates a regular
employe on the salary roll of the department.   It is
our judgment that except as the Secretary of Bank-
ing is expressly authorized by the Banking Act of 1923
to employ counsel, and pay him compensation out of
the funds of the corporation in his hands, which occurs
only when pursuant to section 21 of said act, and with
the consent and approval of the Attorney General, he
takes possession of said corporation's business and
property, he is required by the Administrative Code
aforesaid, pp. 548-551, to resort to the Department of
Justice for such legal advice as he may need in the
examination and investigation of the corporations sub-
ject to his supervision; which may supply such counsel
and advice through its regular staff; or the Attorney
General, with the approval of the Governor, may ap-

point special attorneys or deputy attorneys general to represent the Commonwealth, or the department, in such special work or particular cases, and fix their compensation (Secs. 902 and 906, pp. 548, 549, 550); and this compensation is payable out of the appropriation made biennially to the Department of Justice for that purpose, inter alia.

But whether we are right in this conclusion or not, the Banking Act of 1923, supra, makes no provision for any attorney or employe of the Department of Banking presenting a bill to a corporation under its supervision for services rendered the Department, and receiving payment therefor directly from the corporation; on the contrary it expressly provides (section 9) for the charge or assessment by the Secretary of Banking of all expenses incurred by the department in the regular or special examination of such corporations, etc., on the respective corporations, and their payment to him, who shall pay them over into the State Treasury for safe keeping in a separate fund available for the use of the department upon requisition of the Secretary, on which the Auditor General shall draw warrants on the State Treasurer not exceeding the amount in said fund. And in case the corporation fails or refuses to pay any sum lawfully charged or assessed against it after thirty days' written notice to do so, the Secretary may, at his option, bring an action at law to recover the same (Sec. 9), or he may, with the consent and approval of the Attorney General, (Sec. 21) take possession of the business and property of the corporation for neglecting or refusing to comply with his orders.

We do not consider these wise and salutary provisions to be merely directory regulations which may be followed or not as employes of the department see fit. They are in the highest degree mandatory, making for the well-being and good order of both department

and corporation. In the absence of specific legislative enactment authorizing it, we deem it contrary to public policy that attorneys employed by the Commonwealth, or any department or board thereof, should receive compensation for their services rendered the State by direct payment to them from the corporation or person whose affairs they are investigating; and any agreement to do so to be invalid and unenforceable. It may be necessary in some cases to advise and bring suits, or even institute prosecutions, against the very individuals who might act on behalf of the corporation in agreeing to the payment of such compensation, and it is essential that no relations should exist between the parties that could in the slightest degree influence or even tend to influence such action. It may be added, in this particular instance, that a solicitor of a building and loan association does not have power to bind his association to such an agreement. This was not the case of an attorney, employed generally to conduct litigation for his client, agreeing on its behalf to pay an associate attorney for legal services rendered at his request; but an agreement by the solicitor of a corporation to pay an attorney employed by a department of the Commonwealth for legal services rendered the latter, which proved of advantage to his client. The cases relied on by the appellee, McGahren v. Mosier, 53 Pa. Superior Ct. 467 and Archbald v. Stone, 91 Pa. Superior Ct. 268, are, therefore, not in point.

That the services of the plaintiff resulted in advantage to this defendant, we have no doubt; but he must look for his compensation to the source of his employment, or to the Commonwealth, not to the corporation whose affairs he was called on to assist in investigating.

The assignments of error are sustained. The judgment is reversed and is now entered in favor of the defendant.