Jaffe *v.* Alliance Metal Company, Inc., Appellant.

Argued January 10, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN and PATTERSON, JJ.

*Arthur S. Minster,* for appellant.

*Bryan A. Hermes,* with him *Allen Gray Clark,* for appellee.

PER CURIAM, March 25, 1940:

On August 11, 1938, plaintiff and defendant entered into a written agreement in settlement of certain litigation then pending between them, in equity. The agreement provided for the payment of $9,500 by defendant

to plaintiff. It also obligated the defendant "to prosecute . . . within thirty days . . . two certain claims . . . aggregating $5,400 or upwards . . . which it now has against Morris Tabas, and against Abe Tabas, trading as Active Steel Company." It was also provided that the proceeds of these suits should be equally divided between the present plaintiff and defendant. In his statement of claim plaintiff avers that defendant neglected and refused to prosecute the claims, though demand was made by plaintiff upon the defendant that it do so; and that defendant has valid and enforceable claims against (1 ) Morris Tabas in the sum of $5,011.93, with interest, and (2) Abe Tabas, trading as Active Steel Company, in the sum of $3,900, with interest.

The first affidavit of defense filed admits the agreement, the validity of the claims against Morris Tabas and Abe Tabas, though averring as to the claim of $5,011.93 against Morris Tabas that "the same is subject to certain set-offs . . . the exact amount" being "unknown to him." It is denied that plaintiff was "entitled to one half of the total claims" but averred that "he is entitled to receive one half of the amount of said claim when, if and as the same is collected." An amended affidavit of defense was filed at bar on the day of the trial and in this the defense was set up that a verbal agreement was made between plaintiff and defendant abrogating in effect the provisions of the written agreement that the suits were to be instituted and prosecuted, by providing "that the proceedings against Morris and Abe Tabas be delayed pending termination of other litigation and disposition of questions in which both plaintiff and defendant were interested."

By agreement of the parties the case was tried before Judge ALESSANDRONI, sitting without a jury, who refused a request to find for the defendant and in his adjudication said, inter alia: "The exact amount which was owed to the Alliance Metal Company, Inc., and of which the plaintiff had a one half interest was estab-

lished in detail by the testimony of the plaintiff and his witnesses. The averment in the affidavit of defense that certain set-offs existed in favor of the debtors was not proved by the defendant who failed to offer his books in evidence and did not produce his bookkeeper, although he testified that he had no personal knowledge of the conditions of the account. The testimony of Abe Tabas, one of the debtors, disclosed . . . that Berman acting for the defendant made a secret settlement with the debtors. This testimony is contradicted by Berman, the president of the defendant company." The trial judge added: Berman "disclosed an utter lack of credibility" and his testimony is "practically worthless." The adjudication further stated: "The plaintiff is properly entitled to that amount which the evidence indicates he would have received had the defendant complied with the terms of the agreement to which he was a party. The uncontradicted evidence established the claims which the defendant has against the debtors, one in the sum of $5,011.93 against Morris Tabas, the other in the sum of $3,900 against Abe Tabas. . . . All the evidence, therefore, established that the sum of $8,911.93 was due and owing by the debtors to the defendant and that, therefore, the sum of $4,455.96 with interest was the proper and just amount of the damages. There was no evidence upon which a finding for a lesser sum could be based."

A finding was entered in favor of the plaintiff and against the defendant in the sum of $4,455.96 with interest from September 12, 1938. Exceptions were filed to the adjudication and to the findings of the court and motions for judgment n. o. v. and for a new trial were made. These were refused and final judgment was entered on the findings.

Appellant complains that the court below based its award on the mere *claims* that the Alliance Metal Company had against Morris Tabas and Abe Tabas and that mere claims are immaterial in determining the amount

of damages a plaintiff is entitled to. Appellant says: "It is only the amount which was or could have been recovered upon which any finding against the defendant could properly have been entered." This argument is answered by what this court, speaking through Chief Justice MITCHELL, said in *Williams v. Philadelphia*, 208 Pa. 282, 291, 57 A. 578: "Where the contract is to perform something in the future, the successful result of which is therefore necessarily uncertain, and performance is wrongfully prevented by the other party, a speculative element is unavoidably introduced into the question of damages, but cannot take away the right to just compensation. In such cases, all that can be reasonably required of a plaintiff is to produce to the jury sufficient evidence, of the best character attainable, of a fair prospect of success, and the compensation which would have followed." See also *Thole v. Martino*, 56 Pa. Superior Ct. 371, and *Simpson v. Kimberlin*, 12 Kansas 579.

Our conclusion is that the findings of the court were supported by competent evidence and that the plaintiff was entitled to the judgment obtained.

The judgment is affirmed.