United Mercantile Agencies, Appellant, *v.* **Slotsky**
et al.

Argued October 31, 1932.

Before TREXLER, P. J., KELLER, CUNNINGHAM,
BALDRIGE, STADTFELD and PARKER, JJ.

*Joseph A. Keough,* and with him *Levi and Mandel,* for appellant.

*George T. Steeley,* and with him *William A. Carr* and *Sidney L. Krauss,* for appellee.

OPINION BY STADTFELD, J., January 25, 1933:

This is an appeal by plaintiff from the, judgment of the lower court sustaining questions of law and entering judgment for defendant on an affidavit of defense in lieu of demurrer to plaintiff's statement of claim.

Plaintiff's statement sets forth that it is a corporation engaged in the business of collecting and adjusting delinquent accounts; that on December 9, 1931, defendant placed with plaintiff for collection a certain account in the sum of $3,943.21 against Big Block Mercantile Company of Memphis, Tenn. With the claim defendant wrote to plaintiff a letter, a copy of which is attached to plaintiff's statement, requesting plaintiff "to make the collection as quickly as possible." The letter requested information as to the responsibility of plaintiff and stated "that this claim is accepted on the usual C. L. L. A. Contingent Fee Basis." The statement further avers that plaintiff immediately upon the receipt of said claim, sent one of its special adjusters to interview the Big Block Mercantile Company for the purpose of collecting the account and the adjuster called upon said company at Memphis, Tenn.; that plaintiff in addition made sev-

eral long distance telephone calls and did all things necessary to effect a prompt collection and reported same to defendant; that on December 18, 1931, defendant by telegram directed plaintiff to cease all collection efforts and return all papers and thereafter refused to permit plaintiff to continue its efforts to collect said claim; that plaintiff had exercised all due diligence on behalf of defendant and that the latter had no just cause to withdraw said account or to refuse plaintiff to continue its collection efforts. Plaintiff further averred that on the usual C. L. L. A. (Commercial Law League of America) contingent fee basis it was entitled to recover the sum of $272.16.

To this statement of claim a statutory demurrer raising questions of law was filed claiming that the statement fails to set up a contract between plaintiff and defendant; that the statement shows that plaintiff was not entitled to receive any compensation unless it collected the claim and the statement fails to show that it did collect the claim, and that the statement fails to set up a cause of action, and is contrary to the provisions of the Practice Act of 1915 and its supplements.

The lower court on May 20, 1932, sustained the questions of law and gave judgment for defendant. From that judgment this appeal is taken.

Appellant contends that the court should have granted plaintiff leave to file an amended statement of claim before entering final judgment.

As stated by Mr. Justice SIMPSON, in Rhodes v. Terheyden, 272 Pa. 397, p. 401: "The question to be decided under Section 20, of the act (Practice Act of 1915) which provides only 'a substitute ...... for the common law demurrer' (Hutchinson Baking Co. v. Marvel, 270 Pa. 378, 381), is not whether the statement is so clear in both form and specification, as to entitle plaintiff without amendment, to proceed to trial, but whether, upon the facts averred, it shows,

as a 'question of law,' that plaintiff is not entitled to recover. At times it may not be easy to determine under which of the foregoing heads an objection to a particular statement falls (though there is no such difficulty in the instant case), but, in that event, the doubt should be resolved against entering summary judgment, the power so to do being intended only for clean cases: Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388; Moore v. Luzerne County, 262 Pa. 216; Commonwealth Finance Corporation v. Ferrero, 269 Pa. 264. It is true each of these citations was an appeal from a refusal to enter judgment for want of a sufficient affidavit of defense, but the principle relied on applies with greater force here, in view of the certainty required in such affidavits: Moore v. Luzerne County, supra. Any other conclusion would be a reversion to the practice,—common in ancient days, but happily not now,—of making the rights of litigants depend on the skill of the pleader, rather than on the justice of their claims.''

The first question of law raised by appellee is ''that the statement of claim fails to set up a contract between the plaintiff and the defendant.'' It is true that the statement does not in terms aver an acceptance of the offer contained in defendants' letter, copy of which is attached to plaintiff's statement, but it does aver what amounts to an implied acceptance in that plaintiff at once proceeded with its efforts to collect, in sending a representative to interview the debtor and also made several long distance calls and ''did all things reasonable, proper and necessary to effect a prompt collection of said claim and reported same to the defendant.''

Appellee further contends that it had a right to withdraw the claim from the plaintiff without any liability for compensation, for the reason that the claim was sent on a contingent fee basis and that plaintiff was not entitled to recover its commission for collect-

ing the claim until it had done so. We cannot assent to this proposition. In the case of Thole v. Martino, 56 Pa. Superior Ct. 371, we held, that where a client has employed an attorney at law under an agreement by which the latter should have fifty per cent of any amount claimed as credit by an accountant which should be disallowed by the orphans' court, and the client renders the performance of the contract impossible by withdrawing at the audit all objections to the account, the attorney may recover on a quantum meruit a proper amount for the service which he has rendered. As stated by our late Brother ORLADY, in this case, "Having made the performance of the contract impossible by his own act, in rescinding that contract, he did not leave the plaintiff without an effective remedy." To the same effect is Williams v. Philadelphia, 208 Pa. 282, wherein Mr. Chief Justice MITCHELL said, p. 288: "The right of the city as a client to abandon a suit at any time when satisfied of its interest to do so, is not questioned in this case. But its obligation to plaintiff as its attorney is a different matter. That depends on the contract." If plaintiff's statement set forth the wrong measure of damages, that was a matter which was susceptible of amendment.

Did the court err in entering a summary judgment? The appellee relies upon the cases of Levine v. Roth, 276 Pa. 244 (1923), and Levine v. Pittsburgh State Bank, 281 Pa. 477 (1924), to sustain the action of the lower court. In the first case cited, the lower court in a per curiam held that where a question of law raised by an affidavit of defense in the nature of a demurrer is decided against plaintiffs, the allowance of an amendment to the statement of claim, is under Section 20 of the Act of May 14, 1915, P. L. 483, left to the discretion of the court, and the exercise of such discretion will not be reviewed except for plain abuse. Likewise in the second case cited the court held that

where plaintiff has once amended his statement of claim, the question of opening the judgment and permitting further amendment is for the discretion of the trial court. However, in the later case of Winters v. P. R. R. Co., 304 Pa. 243, in a well considered opinion by Mr. Justice KEPHART, the court says, p. 247: "If a statement of claim does not conform to the provisions of the Act of May 14, 1915, P. L. 483, defendant should move to strike it off under Section 21. If the statement conforms to the provisions but is not sufficiently specific, a rule for a more specific statement should be taken and, if the rule is made absolute and a more specific statement is not filed, this should be followed with a motion for non pros: Rhodes v. Terheyden, 272 Pa. 397. Section 20 of the act provides for raising questions of law by affidavit of defense. It is a substitute for the common law demurrer.

"The question before the court was not solely whether, under the facts as stated, plaintiff could recover, but whether the claim as stated excluded the possibility of recovery under a better statement of facts. Here it is evident that a better statement of facts could show an enforceable claim. The court should have sustained the demurrer and granted plaintiff leave to file a further statement of claim within a limited time, or, on failure, ordered judgment of non pros to be entered. This was not a matter of discretion with the court below but a positive duty."

In that case, the attorneys for the appellee cited the cases of Levine v. Pittsburgh Bank and Levine v. Roth, but Justice KEPHART, in his opinion, followed the decision in Rhodes v. Terheyden, supra.

Likewise in Greene County v. Center Township, 305 Pa. 79, p. 86, the Supreme Court says: "If for no other reason, the cause must be reversed on the authority of Rhodes v. Terheyden, 272 Pa. 397, and Winters v. P. R. R. Co., 304 Pa. 243. No opportunity was given plaintiff to file an amended statement of

claim wherein a better statement of facts would set forth a cause of action. The law requires this in all cases where such statement can be furnished.''

We are of the opinion that the instant case is not such as to justify a summary judgment, and further that an opportunity to file an amended statement should have been afforded.

The assignments of error are sustained and the judgment reversed with a procedendo.