## Stevens, Appellant, *v.* Doylestown Building and Loan Association.

Argued January 13, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*John L. DuBois,* for appellant.

*W. H. Satterthwaite,* of *Bunting & Satterthwaite,* for appellee, was not heard.

PER CURIAM, March 23, 1936:

This is an appeal from a judgment entered for want of a sufficient statement of claim. We previously returned this case to the lower court for an amendment in conformity with the Practice Act: *Stevens v. Smith,* 310 Pa. 287. Under our interpretation of section 20 of that act it is improper to enter a final judgment on statutory demurrer to the statement of claim if the defect existing therein could be cured by amendment: *Winters v. P. R. R. Co.,* 304 Pa. 243. Appellant made two attempts to amend his statement of claim but evidently is unable to allege facts which would make up a good cause of action.

Appellant brought an action to recover damages for the breach of an alleged contract to convey real estate. The writing relied on states that the price "approximates $8,000" and, in the next sentence, that this property will be conveyed to appellant "at the above price or less, if consistent with Doylestown B. & L. investment."

An enforceable contract is not made out unless each of its terms is shown with certainty and conciseness: *Ogden v. Traction Co.,* 202 Pa. 480; *Manufacturers Light and Heat Co. v. Lamp,* 269 Pa. 517; *Farren v. McNulty,* 277 Pa. 279. Price is a material element of a contract and here the price is an approximate one or, as the writing indicates, a price which approximates a definite figure. This is further qualified by the use of the term "or less." Since appellant has shown that he is unable by amendment to fix the settled price, this agreement lacks certainty in an essential element and hence the action must fail.

Judgment affirmed.