## Seitz, Trustee, Appellant, *v.* Fulton National Bank.

Argued December 3, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Jacques H. Geisenberger,* with him *J. Andrew Frantz,* for appellant.

*G. T. Hambright* and *John E. Malone,* for appellee, were not heard.

PER CURIAM, December 16, 1936:

A statutory demurrer to appellant's statement of claim having been filed, the court below directed judgment to be entered against him. The appellee is a banking house and the Lancaster Provision Company had on deposit a sum of money which the bank applied to the Company's overdue notes. This application was made

two weeks before the Provision Company went bankrupt. It was alleged by appellant, the trustee in bankruptcy, that the funds on deposit were the proceeds of collections of accounts due the Provision Company while insolvent, and that their application to the overdue notes of the bank constituted an unlawful preference under the Bankruptcy Act. The court below correctly held that the statement of claim did not set up facts showing that the deposits in the bank were out of the ordinary or made under unusual circumstances, and hence the principle of law applies which sanctions the application by a bank of a bankrupt's account against his notes. See the Bankruptcy Act of July 1, 1898, c. 541, 30 U. S. Stat. 565, as amended. Whether this occurs immediately before the act of bankruptcy or not is immaterial *(Studley v. Boylston Nat. Bank,* 229 U. S. 523, 527). The burden was on the bankrupt's representative to show circumstances amounting to a voidable preference. The statement of claim did not contain such averments. While the court was correct in sustaining the demurrer, it should have given appellant an opportunity to amend the statement of claim, if possible. When a demurrer to the statement of claim is sustained, the court must give plaintiff an opportunity to amend unless it is clear that the error cannot be cured: *Greene County v. Center Twp.,* 305 Pa. 79; *Winters v. Penna. R. R. Co.,* 304 Pa. 243; *Stevens v. Doylestown B. & L. Assn.,* 321 Pa. 173. On motion, the court below may consider the new statement of claim, if any is filed, and, if insufficient, order accordingly.

The judgment is reversed and appellant is given ten days after the record is returned within which to file an amended statement of claim; if none is filed in that time, judgment is directed to be entered for appellee, with costs.