Hetkowski etc., Appellant, *v.* Dickson City Borough School District.

Argued March 5, 1940.

528

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Ralph P. Needle,* with him *Sidney Grabowski* and *Harry Needle,* for appellant.

*Frank J. McDonnell,* for appellee.

Opinion by Hirt, J., October 2, 1940:

Plaintiff was employed by defendant school district for the year beginning July 1, 1937 at a yearly salary, payable $110 monthly. Her duties were clerical. She acted as secretary to the school superintendent, reported the proceedings at meetings of the school board, compiled financial data, prepared reports and performed other like services under the direction of the secretary of the board. She was discharged on December 6, 1937 by resolution of the school board and performed no service after that date. This action was brought to recover the salary stipulated in her contract of employment to the end of the school year as damages for the breach of her contract. The case was tried by the court without a jury resulting in a final judgment in favor of the defendant.

Plaintiff was not legally discharged. Although she was present at the meeting of the board on December 6, 1937 she had no prior notice of the board's intention of

terminating her employment. She was, therefore, dismissed in violation of §406, art. IV of the School Code, the Act of May 18, 1911, P. L. 309, 24 PS 341 which provides: "The board of school directors in any school district in this Commonwealth, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employees, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct." Plaintiff was entitled to due notice of the intention to remove her and of the reasons therefor and by the summary action of the board she was deprived of her statutory right to be heard. It is unimportant that because of incompetence and immoral conduct, sufficient causes actually existed for her removal; the procedure indicated by §406 is mandatory and the failure of the board to comply with that provision of the school law nullified their action in discharging her. *Swink's Case,* 132 Pa. Superior Ct. 107, 200 A. 200.

The procedure followed by the board was irregular and fatally defective for the dismissal of any employee other than an officer of a class within the meaning of art. VI, §4 of the Constitution of the Commonwealth, PS 348. Such officers may be removed without notice or prior hearing "at the pleasure of the power" by which they were appointed and §406 of the School Code becomes inoperative when in conflict with that constitutional provision. "In determining whether a position is an office or an employment, it is generally said that the 'question must be determined by a consideration of the nature of the service to be performed by the incumbent, and the duties imposed upon him, and whenever it appears that those duties are of a grave and important character, involving in the proper performance of them some of the functions of government, the officer charged

with them is clearly to be regarded as a public one'":
*Finley v. McNair et al.*, 317 Pa. 278, 176 A. 10. Some
appointed school employees are within the above consti-
tutional provision, e. g. a Treasurer of a third-class
school district; *Muir v. Madden*, 286 Pa. 233, 133 A. 226,
and an Assistant County Superintendent of Schools;
*Foyle v. Com.*, 101 Pa. Superior Ct. 412, but it is clear
that a clerk to the superintendent and to the board is
not; plaintiff was merely a subordinate ministerial em-
ployee acting under orders of others and was not an
officer within the meaning of the Constitution. *Com. ex
rel. v. Black*, 201 Pa. 433, 50 A. 1008; *Visor et al. v.
Waters et al.*, 320 Pa. 406, 182 A. 241; *Kosek v. Wilkes-
Barre Twp. Sch. Dist.*, 314 Pa. 18, 170 A. 279.

In determining whether the judgment in favor of the
defendant was properly entered in this case it must be
borne in mind that this is an action for damages for the
alleged breach of a contract of employment and is not a
proceeding, as in *Swink's Case*, supra, to reestablish the
status of plaintiff as an employee of the school district.
She surrendered her keys on December 6, 1937 and made
no offer to return to work thereafter. There was no
obligation on her to tender performance since her em-
ployer had declared her contract terminated. *Baldwin
v. Transitone Auto R. Corp.*, 314 Pa. 10, 169 A. 755.
Her readiness and willingness to perform, therefore,
may be assumed, but we are convinced that plaintiff
must be denied recovery because she was *unable* to per-
form the duties of her employment after December 6,
1937.

Plaintiff was unmarried when she entered into the
contract. Shortly thereafter she became pregnant. She
was not married until February 24, 1938, almost three
months after she left defendant's service and her child
was born on May 6, 1938. She concedes that, because of
her condition, she was unable to perform any of the
duties of her employment beginning two weeks before

her delivery and by her admissions, she has no valid claim to salary from April 23, 1938 to the end of the term of her contract. The lower court also found "Before her discharge [on December 6, 1937] her condition was such that due to mental strain and physical condition she was incompetent to perform her duties" and the testimony supports the conclusion that between December 6, 1937 and April 23, 1938, her incompetency resulting from emotional disturbance and physical disorders amounted to *inability* to perform her contract.

The general rule applicable to this finding and the admitted facts is: "(1) In promises for an agreed exchange, any material failure of performance by one party not justified by the conduct of the other discharges the latter's duty to give the agreed exchange even though his promise is not in terms conditional. An immaterial failure does not operate as such a discharge. (2) The rule of Subsection (1) is applicable though the failure of performance is not a violation of legal duty": Restatement, Contracts, §274. "Comment: a. The reason for the rules in this and the following sections of this Topic is failure of consideration. Failure of consideration is a generic expression covering every case where an exchange of values is to be made and the exchange does not take place, either because of the fault of a party or without his fault. In any such case a party who had not himself caused the failure of consideration by a breach of duty, may refrain from giving any part of the exchange, which he has not yet given, and generally may reclaim what he has given, or its value. b. Consideration, as used in the phrase, failure of consideration, means merely an exchange in fact agreed upon. Failure of consideration, therefore, is failure to receive such an exchange. In the formation of contracts, consideration is the exchange for a promise (§75). In the present connection the consideration in question is the promised performance of one party agreed to be exchanged

for that of the other." In application, the principle of §274 "wholly discharges the duty of a promisor as soon as the actual or prospective failure of the other party shows that substantial performance of the agreed exchange will not be received": Comment d. In the following section, §275, it is stated: "In determining the materiality of a failure fully to perform a promise the following circumstances are influential: ...... (e) The wilful, negligent or innocent behavior of the party failing to perform."

A contract for personal services presupposes the continuing ability of the employee to make substantial performance. Plaintiff's inability to perform her contract was the result of her voluntary act, in this sense wilful, committed by her with knowledge of the probable consequence. The contract was made not only on the implied representation that plaintiff then had the ability to perform, but also upon a similar covenant that she would not render herself incapable of performance by her voluntary act during the term of her employment. It was plaintiff's immoral act which caused her pecuniary loss; this resulted in a failure of consideration which relieved the school district from the obligation to pay salary after December 6, 1937, during the remaining period of disability. The inability of plaintiff to perform an entire contract released the defendant from liability. *Stowers v. Board of Education of Lincoln County, W. Va.,* 198 S. E. 522; 13 C. J. 644, §719; *Hong v. Independent School Dist. No. 245,* (Minn.) 232 N. W. 329; 72 A. L. R. 280; Wood on Master and Servant, 222, 247, 280. Performance of a contractual duty to render services may be waived (*Kemerer v. Johnst'n Bk. & Tr. Co.,* 120 Pa. Superior Ct. 173, 182 A. 74) but the resolution of December 6, 1937 conclusively negatives any inference of waiver by the defendant in this case. See also *Allentown Iron Co. v. McLaughlin,* 24 W. N. C. 343, 16 A. 852. 12 Am. Jur., Contracts, §400.

Judgment affirmed.