## United Societies of Greek Catholic Religion of U. S. of America, Appellant, *v.* Klochak et al.

Argued October 30, 1940.   Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*William H. Eckert,* with him *Francis Taptich* and *Frank L. Seamans,* for appellant.

*T. F. Ryan,* with him *Joseph H. Bialas,* of *Bialas & Ryan,* for appellee.

OPINION BY MR. JUSTICE STERN, November 25, 1940:

Massachusetts Bonding and Insurance Company executed a bond to United Societies of Greek Catholic Religion of the United States of America, a fraternal organization, to indemnify it against loss sustained through embezzlements or other acts of dishonesty on the part of its officers.   The United Societies brought this action against its supreme treasurer, George Klochak, Jr. and Massachusetts Bonding and Insurance Company to recover a loss resulting from alleged defalcations committed by Klochak.   The Bonding Company filed an affidavit of defense raising the question of law that there was a misjoinder of parties defendant in that entirely separate and distinct causes of action were alleged against them, one being against Klochak because of his embezzlements and the other against the

Bonding Company on its written contract of indemnity. The court sustained the statutory demurrer "without prejudice to the plaintiff to bring such proper actions as it may see fit." Plaintiff thereupon filed a petition for leave to discontinue as to Klochak, to strike his name from the caption of the case, and to amend the statement by deleting the claim for judgment against him. This petition was dismissed.

The court's action was doubtless an inadvertence. When a demurrer to a statement of claim is sustained, the court must give plaintiff an opportunity to amend unless it is clear that the error cannot be cured: *Seitz, Trustee, v. Fulton National Bank,* 325 Pa. 14, 188 A. 569. That the error here *could* be cured was decided at least eighty years ago in *Rangler v. Hummel,* 37 Pa. 130, 132, where it was said: "We have so often decided, under our several statutes of amendments, that parties might be stricken out, or added, whenever this was necessary to a trial on the merits of the case, that we do not deem it necessary to cite authorities on the subject. This is the plain requirement of the Act of 4th May, 1852, as construed by the Act of 12th April, 1858. Whenever the rights of a party are liable to be defeated by having joined too few or too many plaintiffs or defendants, these amendments may be made. In such circumstances the fact of mistake is hardly debatable: it will be presumed if without them the merits may not be fully tried." Even where a suit is brought against defendants alleged to be *jointly* liable an amendment limiting the claim to but one of them may be made: *Rowland v. Philadelphia,* 202 Pa. 50, 51 A. 589; *Booth v. Dorsey,* 202 Pa. 381, 51 A. 993; *Sturzebecker v. The Inland Co.,* 211 Pa. 156, 60 A. 583.*

* Since the Act of June 29, 1923, P. L. 981, a trial judge may, in the case of a suit against two or more defendants alleged to be jointly liable, dismiss the action as to some and allow the trial to proceed against the others, without the necessity of any amendment at all: *Lang v. Hanlon,* 302 Pa. 173, 178, 153 A. 143, 145.

The discontinuance as to Klochak did not involve the introduction of a new cause of action against the Bonding Company. The latter's position became in effect the same as though a separate action had been brought against it in the beginning, and it could not be harmed in any way, from a legal point of view, by the allowance of the proposed amendment.

The order of the court below refusing plaintiff's petition is reversed with a procedendo.