## Anderson, Appellant, v. Board of Public Education of Pittsburgh School District et al.

Argued May 5, 1943. Before Keller, P. J., Baldrige, Stadtfeld, Rhodes, Hirt, Kenworthey and Reno, JJ.

*Sylvan Libson,* with him *Benjamin C. Sigal,* for appellant.

*N. R. Criss,* for appellee.

Opinion by Keller, P. J., July 16, 1943:

This was a petition for writ of alternative mandamus to compel the Board of Public Education of the School District of the City of Pittsburgh to reinstate the plaintiff, Minnie Anderson, as a cook's assistant in the cafeteria of the Clifford B. Connelly Vocational School. Plaintiff relied on section 406 of the Act of May 18,

1911, P. L. 309, known as the 'School Code', an original section, which has not been specifically amended, but remains as it was when enacted, to-wit:

"The board of school directors in any school district in this Commonwealth, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right to remove any of its officers, employees, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct."

The plaintiff, or petitioner, averred that for a long time prior to November 26, 1941, she was a regular employee of the defendant school district, classified as a cook's assistant in the cafeteria of the beforenamed school, earning $16.25 per week; that on that date she was summarily discharged without being given prior notice, or reason for her discharge, nor was she granted a hearing prior to her discharge;[1] that the respondents had refused her demand for reinstatement to her position; and that she was without adequate and specific remedy at law.

The defendants, or respondents, moved to quash the writ for the reasons:

(1) That the petition disclosed that the matters complained of arose out of an alleged breach of contract, to determine which plaintiff had an adequate remedy at law.

(2) That the reinstatement of plaintiff in her former position would interfere with the exercise of defendants' discretion, and is not such a ministerial act as can be enforced by mandamus.

(3) That there is no legal obligation on the defendant Board to retain the services of any employee whose

---

[1] She did not aver that she had 'demanded' a hearing by the board. This is not, however, the ground for the lower court's action.

position is not protected by contract, or by the Tenure Law, which latter is applicable only to professional employees.

The court below, without passing on the first two grounds, sustained the third, in effect, and held that the plaintiff did not come within the term 'employee' as used and applied in section 406 of the Act—saying inter alia:

"The School Board of the City of Pittsburgh has always been composed of leading citizens of the community, who are well known in professional [and] business circles, or who have rendered distinguished services to the community. They are a body of persons upon whom very extensive authority is conferred, and who have very difficult responsibilities. If it is necessary for the School Board of the City of Pittsburgh to prefer charges and have a public hearing whenever it becomes desirable to discharge an assistant cook, or a dishwasher or anyone employed in ordinary manual labor, where such persons are employed under a weekly wage without written contracts, and without any formal action of the Board, it seems to us that the School Board would have very little time to devote to the more pressing problems of administration, which necessarily come under their care. These men and women, composing the School Board, serve without salary, and being persons who are busily engaged in other activities, it would be unreasonable to expect them to devote to their duties such an amount of time as would be required if the petitioner's position is correct. There is no allegation that the petitioner has been employed under a written contract, or that the School Board ever took any formal action in connection with her appointment, or took any such action in connection with her discharge ...... We are of the opinion that Section 406 of Article IV of the School Code does not require the preferring of formal charges, and the

holding of a hearing thereon in order to warrant the discharge of an assistant cook in a school cafeteria, where such cook is employed on a weekly basis without any formal contract or formal approval of the School Board."

As we are in accord with the ruling of the court below, we do not deem it necessary to discuss the first two grounds either, but we are not, thereby, to be understood as overruling them. See (1) *Hetkowski v. Dickson City School District*, 141 Pa. Superior Ct. 526, 15 A. 2d 470, where an action in assumpsit was brought; and *Com. ex rel. Wesenberg v. Bethlehem School Dist.*, 148 Pa. Superior Ct. 250, 258, 24 A. 2d 673; (2) *Ickes v. Costlow et al.*, 127 Pa. Superior Ct. 180, 187, 193 A. 287; *Reese v. Board of Mine Examiners*, 248 Pa. 617, 622, 94 A. 246.

As we said at the opening of this opinion, section 406 was included in the School Code when first enacted in 1911. At that time there were no school cafeterias [2] in operation and no reasons for employing cooks, assistant cooks, dishwashers and other domestic or manual laborers, who are engaged by supervisors or appointees of the board, as occasion arises and without contract or formal action by the board.

A review of the School Code as enacted in 1911 shows that the words 'employ', 'employee' and 'employment' were used in the act in specific connection with the following positions or appointments: *Teachers* (secs. 1201 to 1203, and 1206 to 1208). The affirmative vote of a majority of all the members of the board, duly recorded on the minutes, showing how each member

---

[2] Authority for the establishment and maintenance of cafeterias by school districts was not given until twenty years later (Act of May 29, 1931, P. L. 243, pp. 249-251, 24 PS §331, 1942 Pocket Part, which amended section 401 of the School Code). The authority so given was not mandatory, but only permissive, "whenever, in its judgment, it is deemed advisable to do so".

voted, was necessary for their legal employment (sec. 403) and a written contract executed in duplicate by the teacher and the president and secretary of the school board (sec. 1205.). *Attendance officers* (secs. 1432, 1436) who are given the powers of police officers. *School nurses* (sec. 1508). *Janitors* (secs. 1509, 2232). Light is shown on the use of the word 'employee' by reference to other sections of the act. Section 305 provides: "Each board of school directors may further appoint a solicitor [that is, an attorney] and such other appointees, clerks or employees, as it may deem proper, none of whom shall be a member of the board, and shall define their duties and fix their salaries."

The sections in close relation to section 406, both before and after it, also throw some light on the employees covered by that section.

Section 403 states the subjects on which an affirmative vote of a majority of all the members of the board, duly recorded, showing how each member voted is required for valid action. Among them are: Appointing or dismissing superintendents, principals, and teachers —who are designated in section 1201-1208 as being *employed;* appointing tax collectors and other appointees; dismissing a teacher after a hearing [section 1208]; entering into contracts of any kind ...... where the amount involved exceeds one hundred dollars; fixing salaries or compensation of teachers and other appointees of the board.

Section 404 authorizes the board to adopt and enforce such reasonable rules and regulations, as it may deem necessary and proper, regarding the management of its school affairs and the conduct and deportment of all superintendents, teachers, and other appointees and employees during the time they are engaged in their duties.

Section 407 provides: "On the removal by the board of school directors of any officer, employee, or appointee,

such officer, employee, or appointee shall *surrender and deliver* to the secretary, or other person designated by the board, any and all *papers, property, and effects* of the school district in his hands at the time of such removal." (Italics supplied).

Section 2801 provides that no religious or political test or qualification shall be required of any school director, school visitor, superintendent, teacher or other officer, appointee or employee.

Section 406 was construed by our Supreme Court in *Muir v. Madden,* 286 Pa. 233, 133 A. 226, where it was held that it did not apply to treasurers of school districts (secs. 303, 324-332), as they were in the class of appointed officers, removable at the pleasure of the appointing power under Article VI, section 4 of the Constitution. See also, *Com. v. Sulzner,* 198 Pa. 502, 48 A. 476; *Foyle v. Com.,* 101 Pa. Superior Ct. 412; and cf. *Hetkowski v. Dickson City School Dist.,* 141 Pa. Superior Ct. 526, 529, 15 A. 2d 470, where a secretary to the school superintendent, a single woman, employed by the board under a written contract, calling for a yearly salary, was discharged, without notice or a hearing, contrary to section 406; but recovery of her salary was denied because of her physical inability, through pregnancy, to perform her duties.

The operation of a cafeteria, being only of permissive authority, and having merely incidental connection with the important subject of public education, the establishment, maintenance and improvement of which is the main interest of our public school laws and the imperative duty imposed on school boards, we are of opinion that it never was the intention of the School Code, as originally passed or as amended, to require the procedure provided for the removal of appointees and employees closely connected with the teaching in, and administration of, our public schools, to be applied to subordinate and occasional domestic assistants en-

gaged by a director or supervisor, on a daily, weekly or monthly basis, to assist in the preparation of food, or the washing of dishes, etc., without any contract or formal action by the board, so as to prevent their discharge when deemed advisable, without giving reasons, preferring charges or holding a hearing before the board.

Section 406 was enacted to make it clear that the board had the *right* to discharge *any* officer, appointee or employee—notwithstanding he had a contract for the school year or the calendar year—before the termination of his contract, for incompetency, intemperance, neglect of duty, violation of any of the school laws or other improper conduct. Along the same lines, see sections 1208 and 1322 of the Code. It was not needed for minor occasional employments terminable at will.

Matters which are deemed *essential* for the attainment of the *primary object* of our public school system should not be extended to minor incidental services which are authorized, but not required, in connection with its administration. See *Com. v. Casey*, 231 Pa. 170, 175, 80 A. 78; *Tranter v. Allegheny County Authority et al.*, 316 Pa. 65, 73, 173 A. 289.

Order affirmed, at the costs of appellant.