Kapustik *v.* Arnold City School District, Appellant.

Argued November 12, 1954.   Before RHODES, P. J.,
HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN,
JJ.

C. *Harold Skodol,* with him *Andrew S. Romito,* for appellant.

D. J. *Snyder, Jr.,* with him *P. K. Jones,* for appellee.

OPINION BY ERVIN, J., January 14, 1955:

This is an appeal by the School District of the City of Arnold from a judgment of the Court of Common Pleas of Westmoreland County entered in a case stated in an action in assumpsit brought by an employe to recover salary payments claimed to be due as damages for the breach of her contract of employment.

On May 14, 1945 the plaintiff, Susan Kapustik (now married and known as Susan Timko) was employed as a clerk by the board of school directors of the defendant school district. The term of employment covered a period of twelve months beginning with the year 1945-1946 and the salary for this period was fixed at $80.00 per month. The plaintiff entered upon her duties without any formal written contract and was paid the stipulated salary. The plaintiff continued in the employment of the defendant school district in a clerical capacity until her services were terminated by the board effective at the close of business on Jan-

uary 31, 1952. In each of these years the retention of plaintiff as a clerical employe was indicated by motions of the board of school directors adopting annual salary schedules. The discharge of the plaintiff was due to the action of the board of directors in combining certain clerical jobs for the purpose of attaining greater efficiency and economy but no reason for her dismissal was ever communicated to the plaintiff. The plaintiff immediately demanded a statement of the reasons for her dismissal and demanded a hearing thereon, both of which were refused. The plaintiff held herself ready and willing to perform the required services for the defendant school district during the entire school year through June 30, 1952, and then brought suit for her salary for February through June of 1952, in the total amount of $1,041.65 with interest. Plaintiff averred she had a valid and enforceable contract of employment under the Pennsylvania Public School Code and her discharge was a violation of her contract for which she was entitled to her salary for the remaining months of the school term. The defendant school district denied being indebted to the plaintiff in any sum whatever for the reason that plaintiff had not entered into a written contract of employment with defendant but was merely hired as a clerk by oral motion and therefore did not have a valid and enforceable contract under Section 1121 of the Public School Code of 1949 and her employment was therefore terminable at will. The court below decided that a written contract of employment was not required and entered judgment for the plaintiff in the full amount claimed. This appeal followed.

There is no basis for the contention by appellant that appellee did not have a valid and enforceable contract because no formal written contract had ever been executed by the parties. It is admitted that the appel-

lee cannot be classified a "professional employe" as that term is defined in the Public School Code of 1949.[1] Therefore she does not come within the purview of Section 1121 of the Public School Code of 1949 which requires that all contracts with professional employes shall be in writing and in the form specifically provided therein.[2] Moreover, there is no requirement in the School Code that a clerical employe must have a written contract of employment. Appellee's acceptance of the appointment and commencement of her duties as a clerk pursuant to her election by majority vote of the board of school directors resulted in a valid contract of employment. Pertinent and applicable here is the following excerpt from the opinion of Mr. Justice POTTER in *Toye v. Exeter Borough School District*, 225 Pa. 236, 241, 74 A. 60, which was decided prior to the enactment of legislation requiring contracts with teachers to be in writing: "The minutes of the board meeting show that the plaintiff was elected by the affirmative votes of a majority of the whole number of directors, and the names of the members voting for and against him are duly entered on the minutes as required by the Act of April 11, 1862, P. L. 471, sec. 4. It also appears that resolutions fixing his term at three years and his salary at $100 per month were unanimously adopted. The contract executed in the

[1] The Public School Code of 1949 provides: (1) The term "professional employe" shall include those who are certified as teachers, supervisors, supervising principals, principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses. Act of March 10, 1949, P. L. 30, art. XI, §1101; as amended by Act of May 14, 1949, P. L. 1365, §2; 24 PS §11-1101.

[2] Act of March 10, 1949, P. L. 30, art. XI, §1121, as amended by the Act of May 9, 1949, P. L. 939, §4, 24 PS §11-1121.

name of the board by the president and secretary was in strict accord with the action of the board. While the plaintiff sues upon the written contract, *his right to recover really depends upon the action of the board, of which the minutes are the best evidence. Having accepted the election and entered upon his duties, the contract was complete on both sides."* (Emphasis added) See *Costello v. School District,* 241 Pa. 179, 88 A. 363. In the instant case the period of employment and the compensation to be paid were specifically stated in the motion passed by the board of school directors at their meeting on May 14, 1945 as follows: ". . . for a twelve-month term beginning with the year 1945-1946 at a salary of $80.00 per month." It is thus apparent that the initial employment of the appellee was on the basis of a valid contract for a period of twelve months.

It is admitted that the only subsequent actions taken by the board to indicate the reappointment of appellee as a clerk were the annual motions adopting salary schedules which listed appellee as a prospective employe for the ensuing year, including 1951-1952. Appellant contends it can be held liable for breach of appellee's contract resulting from her discharge on January 31, 1952 only if these annual motions should be construed to constitute either a valid oral or implied contract of employment for one year. Appellant argues against such construction on the ground the annual motions merely reflect the adoption of salary schedules for all the employes of the school district for the purpose of the annual school budget and do not constitute renewal contracts of employment.

However, the liability of appellant is not dependent on the construction or interpretation of the annual motions adopting salary schedules. This Court held in *Smith v. Shallcross,* 165 Pa. Superior Ct. 472, 69

A. 2d 156, that where a person is employed for a definite period and thereafter continues in the employment, without further arrangements being made, it ordinarily is inferred that the employment continues upon the same terms and for a similar period as that for which he was first employed. The Court stated at page 476: "From a large collection of relevant cases the following rule was deduced: 'The great weight of authority is to the effect that an employe originally hired for a definite term who continues to render the same services after the expiration of such term without explicitly entering into a new agreement is prima facie presumed or deemed to be serving under a new contract having the same terms and conditions as the original one, the continuance in the employment of the hirer with the consent of the latter after the time specified in the contract being equivalent to a new hiring for the same length of time, on the same terms.' L.R.A. 1918C 706."

In the instant case the appellee continued in the employ of appellant for successive annual periods with the express consent and approval of appellant as evidenced by her inclusion on the annual salary schedules. Moreover, on the basis of the listing of the months employed as "12" and the listing of the annual salary for the next year together with the reflection of the amount of any voluntary increase in her annual salary, it is reasonable to infer that it was the intention of the board to renew appellee's employment on an annual basis.

In its brief appellant submits that its position in the instant case is controlled by *Anderson v. Board of Public Education of Pittsburgh School District,* 152 Pa. Superior Ct. 486, 33 A. 2d 68. In the *Anderson* case it was held that the employment of an assistant cook in the cafeteria of one of the schools was a minor,

occasional employment terminable at will and therefore did not come within the purview of Section 406 of the School Code which required notice giving reasons and a hearing if demanded prior to the exercise by the school board of the right to remove any of its officers, employes or appointees for any of the reasons enumerated therein. However, the *Anderson* case is inapposite. This is clearly shown by the following excerpt from the opinion of President Judge KELLER: ". . . we are of opinion that it never was the intention of the School Code, as originally passed or as amended, to require the procedure provided for the removal of appointees and employes closely connected with the teaching in, and administration of, our public schools, to be applied to subordinate and *occasional domestic assistants engaged by a director or supervisor, on a daily, weekly or monthly basis,* to assist in the preparation of food, or the washing of dishes etc., *without any contract or formal action by the board,* so as to prevent their discharge when deemed advisable, without giving reasons, preferring charges or holding a hearing before the board." (Emphasis added)

In the case presently before us the appellee was employed for a twelve-months period at an annual salary by formal action of the board of school directors.

The action of the board of school directors in summarily discharging appellee without prior notice of intention to do so and without granting a hearing which she demanded was a clear violation of Section 514 of the Public School Code of 1949[3] which provides: "The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing

---

[3] Act of March 10, 1949, P. L. 30, art. V, §514, 24 PS §5-514.

if demanded, have the right at any time to remove any of its officers, employes, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct."

Applicable here is the following excerpt from the opinion of Judge HIRT in *Hetkowski v. Dickson City Borough School District*, 141 Pa. Superior Ct. 526, 15 A. 2d 470, construing the same provision in the School Code of 1911: "Plaintiff was entitled to due notice of the intention to remove her and of the reasons therefor and by the summary action of the board she was deprived of her statutory right to be heard. . . . the procedure indicated by §406 is mandatory and the failure of the board to comply with that provision of the school law nullified their action in discharging her. *Swink's Case*, 132 Pa. Superior Ct. 107, 200 A. 200."

Judgment is affirmed at appellant's costs.