423 A.2d 390

**William MACE, Appellant,**

v.

**SENIOR ADULT ACTIVITIES CENTER OF
MONTGOMERY COUNTY.**

Superior Court of Pennsylvania.

Argued June 16, 1978.

Filed Dec. 1, 1980.

Paul Rauer, Norristown, for appellant.

Bernard V. DiGiacomo, Norristown, for appellee.

Before JACOBS, P. J., and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This is an appeal from the order of the Court of Common Pleas of Montgomery County by the plaintiff–appellant which dismissed his Fourth Amended Complaint pursuant to Preliminary Objections filed by the defendant.

Plaintiff filed a complaint in assumpsit against the defendant, his former employer, alleging that he was improperly dismissed from his job contrary to the terms of his employment contract. The action was filed on August 17, 1976. After the defendant filed preliminary objections to the complaint, the plaintiff filed an Amended Complaint on September 9, 1976. He also filed Amended Complaints on

September 27, 1976, January 24, 1977 and July 7, 1977. After each new complaint the defendant filed preliminary objections.

On October 14, 1977, defendant's preliminary objections to plaintiff's Fourth Amended Complaint were argued before the court below and on October 18, 1977, the court below issued an order sustaining defendant's preliminary objections and granting its motion to strike the Amended Complaint and dismiss same stating that "successive and continuous amendments to a complaint cannot be permitted to go on forever". On November 7, 1977, the plaintiff took this appeal.

On appeal, the plaintiff claims that the court below erred when it ruled that his complaint was improper and further that the court erred when it dismissed his action rather than to permit him to file another Amended Complaint.

Plaintiff's Fourth Amended Complaint against the defendant alleges that:

Plaintiff had been employed by the defendant as its Executive Director pursuant to a written contract dated January 20, 1975; the said contract was in the form of a letter addressed to the plaintiff which informed him that he had been hired for the period January 1, 1975 to December 31, 1975 at an annual salary of $20,000 payable on a pro-rata, bi–monthly basis, and that he could accept the offer of employment by signing and returning the letter which plaintiff did; plaintiff then served in that capacity for the year 1975; and that on December 9, 1975 the defendant's Board of Directors voted unanimously to renew plaintiff's 1975 employment contract for the year 1976 at a salary of $21,000 per annum; that plaintiff accepted said offer to renew his employment contract by continuing to serve as Executive Director and was paid as such from January 1, 1976 to April 9, 1976; and that plaintiff was fired as of April 9, 1976 by the Board, having been so notified of his firing by letter dated March 10, 1976. Plaintiff claims that his firing constituted a contractual violation and sued his employer in Assumpsit for the sum of $15,346.30 (covering the salary period

April 10, 1976 to December 31, 1976). Plaintiff filed a total of five complaints. To each of his complaints the defendant filed preliminary objections which ultimately resulted in plaintiff filing a new complaint as discussed above. In filing its preliminary objections to plaintiff's Fourth Amended Complaint, the defendant moved for a more specific complaint and also moved, in the alternative, to strike the complaint. The court below granted defendant's motion to strike the complaint and dismissed the plaintiff's complaint for failure to comply with the latest order of court (the order directing plaintiff to file a more specific complaint relative to plaintiff's Third Amended Complaint).

In dismissing plaintiff's Fourth Amended Complaint the court below did not grant plaintiff leave to amend his complaint. Plaintiff then appealed that order here.

■ If it is evident that a pleading can be cured by amendment, a court may not enter a final judgment, but must give the pleader an opportunity to file an amended complaint. *Stevens v. Doylestown Building & Loan Assoc.,* 321 Pa. 173, 183 A. 922 (1936). This is a positive duty of the court and not a matter of discretion. *Framlau Corp. v. Delaware County,* 223 Pa.Super. 272, 299 A.2d 335 (1972). However, if it clearly appears that a defective complaint cannot be cured, a demurrer to it and dismissal of the action is proper. *Seitz v. Fulton National Bank,* 325 Pa. 14, 188 A. 569 (1936). Thus, it is clear that "successive and continuous amendments to a complaint" cannot be permitted to go on ad infinitum and if the court below was correct in determining that plaintiff had failed to plead a proper cause of action then it was correct in dismissing plaintiff's Fourth Amendment Complaint with prejudice.

The thrust of defendant's preliminary objections to plaintiff's Fourth Amended Complaint is directed at Paragraph Six of the Complaint which reads:

"6. Plaintiff, having been present at said Board of Directors meeting (at which the motion was passed to 'reappoint' plaintiff as Executive Director for a term of one year), accepted said offer to renew his employment con-

tract by continuing to act as Executive Director and was paid for said services at a rate of $21,000 per annum from January 1, 1976 until April 9, 1976."

Defendant claims that Paragraph Six, supra, does not set forth *when* plaintiff accepted the alleged offer of renewal, does not set forth *to whom* said acceptance was given nor whether the acceptance was oral or in writing. The defendant also complains that the verification attached to the Fourth Amended Complaint is invalid because it is dated February 24, 1977 and Judge Cirillo's order striking the Third Amended Complaint did not come down until June 28, 1977. However, the latter defect is a technical matter which we would permit plaintiff to explain by further pleadings as an affidavit setting forth the reasons for the apparent error.

The crux of this case is whether paragraph six of the plaintiff's complaint is sufficiently specific so as to provide the defendant with notice of the basis of the pleader's claim so that defendant is able to prepare his case. *Smith v. Allegheny County*, 397 Pa. 404, 155 A.2d 615 (1959). Where the facts in question are' equally within the knowledge of both parties less precision is required in pleading same. *2A Anderson 89.* In the instant case the plaintiff alleged that he accepted defendant's offer to renew his employment by his act of remaining on the job after the expiration of the original contract from January 1, 1976 to April 9, 1976 during which time his employer paid him at the rate of $21,000 per year. In *Kapustik v. School District of the City of Arnold,* 177 Pa.Super. 268, 111 A.2d 169 (1955), this Court held that where a person is employed for a definite period and thereafter continues in the employment, without further arrangements being made, it ordinarily is inferred that his employment continues upon the same terms *and for similar period* as that for which he was first employed. (Emphasis ours). In *Kapustik*, this Court cited *Smith v. Shallcross*, 165 Pa.Super. 472, 69 A.2d 156 (1949) for the same proposition. However, *Kapustik* and *Shallcross* differ from the instant case because in our case the plaintiff is not alleging that his act of "holding over" on his job and his employer's act of

paying him constituted a one year renewal of his old contract as was the case in *Kapustik* and *Shallcross*. Rather he is alleging that his act of "holding over" on his job constituted an acceptance of the offer made to him by defendant on December 9, 1975 when defendant's Board of Directors unanimously voted to rehire plaintiff at a salary of $21,000 in plaintiff's presence and therefore constituted his acceptance of a new contract.

As such, plaintiff makes it clear that he is not relying on a writing to support his theory that a valid employment contract existed between him and the defendant for the year 1976. Likewise he is making it clear that he is not relying upon any oral communication of his acceptance to the defendant or any of its board members to support his theory. Rather he is alleging that his mere act of remaining on his job and receiving his new salary constituted conduct which amounted to acceptance of the alleged offer made by the defendant. We feel that under these circumstances plaintiff's complaint is sufficiently specific to provide notice to defendant of the facts with which it is confronted. We also note that paragraph Six of plaintiff's Fourth Amended Complaint differs from Paragraph 6 of his Third Amended Complaint in that the Third Amended Complaint merely alleged that "plaintiff accepted said offer of renewal and increase in salary, continued to act as Executive Director on and after January 1, 1976, and was paid at a rate of Twenty–one Thousand Dollars per annum from January 1, 1976 until April 9, 1976" while the same paragraph of the Fourth Amended Complaint alleged that plaintiff's act of remaining on the job constituted an acceptance of defendant's alleged offer to renew the contract. Whether or not these activities if true, constituted a valid employment contract were not raised before the court below since defendant did not allege that plaintiff failed to show valid cause of action in his complaint. As such we will refrain from passing on that issue now.

Because we find that plaintiff's complaint is sufficiently specific and because we also note that defendant, in its

preliminary objections, merely challenged the specificity of the complaint and did not allege that plaintiff's complaint failed to state a cause of action upon which relief could be granted, we remand this case to the court below to permit the defendant the opportunity to answer plaintiff's complaint and for further proceedings consistent with this opinion.

PRICE, J., concurs in the result.

CERCONE, P. J., files a concurring opinion.

JACOBS, former P. J., did not participate in the consideration or decision of this case.

CERCONE, President Judge, concurring:

Although I agree with the result reached by the majority, I must offer a *caveat*. On the assumption that the amendment process cannot go on ad infinitum, the opinion of the majority indicates that where there are "successive and continuous amendments to a complaint" (i. e., four), the court can dismiss the action unless the complaint, as amended, states a proper cause of action. While the majority correctly holds that a proper cause of action has been pleaded in the case *sub judice*, the situation may occur where the last of "successive" amendments to the complaint does not cure its defect but, yet, the amendment carries with it the possibility that the defect is capable of being cured by another amendment. I am of the opinion that it would be improper to dismiss a cause of action when such a situation occurs. For these reasons, I prefer the earlier statement of the rule which I articulated in *Framlau Corp. v. Delaware Co.*, 223 Pa.Super. 272, 276, 299 A.2d 335, 337 (1972):

In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter final judgment, but must give the pleader an opportunity to file an amended complaint. *Stevens v. Doylestown Bldg. and Loan Assoc.*, 321 Pa. 173, 183 A. 922 (1936). This is not a matter of discretion with the court

but rather a positive duty. *Winters v. Penna. R. Co.*, 304 Pa. 243, 155 A. 486 (1931), *United Mercantile Agencies v. Slotsky*, 107 Pa.Super. 467, 164 A. 349 (1933). Conversely, if it clearly appears that a defective complaint cannot be cured, a demurrer to it and dismissal of the action is proper. *United Societies of Greek Catholic Religion v. Klochak*, 340 Pa. 159, 16 A.2d 373 (1940), *Seitz v. Fulton National Bank*, 325 Pa. 14, 188 A. 569 (1936).