# Joseph A. Myers Real Estate, Inc. v. Slaybaugh

*Walton V. Davis*, for plaintiff.
*Kenneth L. Rotz,* for defendants.

SPICER, *P.J.*, February 23, 1981—After the court sustained preliminary objections to plaintiff's complaint October 21, 1980, plaintiff filed an amended complaint. Preliminary objections have again been filed and we again sustain those argued with leave to file a third complaint.

Defendant pursued only some of the objections filed and the court rules only on those argued. All others are considered abandoned. Issues have been presented by the amended complaint which were not raised and decided by our order of October 21, 1980.

To put the objections considered in proper perspective, it will be necessary to summarize the allegations of the amended complaint. We will refer to the parties, for the sake of brevity as follows:

(1) plaintiff as plaintiff, (2) defendants Richard A. Slaybaugh and Jean T. Slaybaugh as Slaybaughs, and (3) defendant Mt. Ridge Farms, Inc. as Mt. Ridge. Persons not parties but named in the complaint will be referred to as follows: (1) Wynbrook Farms, Inc. as Wynbrook Farms, (2) J. Michael Cunningham and Brenda A. Cunningham as Cunninghams, and (3) Charles F. Lobaugh and Anita M. Lobaugh as Lobaughs.

The Slaybaughs agreed to purchase three tracts of real estate from Wynbrook Farms on February 5, 1979. The complaint referred to one of these as Farm no. 1. The Slaybaughs wanted to keep two tracts but not Farm no. 1. In order to resell Farm no. 1, the Slaybaughs gave plaintiff an exclusive listing as to that tract. The listing was also dated February 5, 1979.

Two other agreements were signed on February 5, 1979. In one agreement, the Slaybaughs agreed to sell Farm no. 1 to the Cunninghams. This agreement was subject to numerous contingencies which, according to the complaint, were not met and as a result the agreement became void.

The second agreement was with the Lobaughs and is the one with which this lawsuit is concerned. It was described as a "back up" agreement and was ultimately performed, according to the complaint.

The next development chronologically was the incorporation on February 20, 1979 of Mt. Ridge. The complaint states that the Slaybaughs incorporated Mt. Ridge and control it.

Wynbrook Farms conveyed all three tracts to Mt. Ridge on April 5, 1979. Thereafter, plaintiff claims that Slaybaughs and Mt. Ridge agreed to modify the Lobaugh agreement, cease communications with plaintiff, refuse to pay plaintiff its commission, and

to institute litigation against plaintiff to deprive plaintiff of its lawfully earned commission.

On November 5, 1979 Mt. Ridge conveyed Farm no. 1 to the Lobaughs. Richard Slaybaugh executed the deed as president of Mt. Ridge and Jean T. Slaybaugh signed as secretary. Plaintiff claims it was paid no sales commission.

The Slaybaughs and Mt. Ridge sued plaintiff and personnel involved in the listing and the two sales agreements. This suit was entered to 79-S-464 and has been dismissed by this court by order of February 9, 1981. For sake of simplicity, we refer to this suit as Civil Action 464.

Defendants seek to have dismissed, either through motions to strike or demurrers, demands for counsel fees and for punitive damages. Defendants also request dismissal of Count IV of the complaint which sounds in trespass and which attempts to set forth a cause of action based on civil conspiracy.

All three issues involve many common considerations. With this understanding, we will discuss each separately.

## COUNSEL FEES

Plaintiff has alleged it paid counsel fees to defend its agents and employes in Civil Action 464. It claims entitlement for reimbursement.

Defendants argue that plaintiff is not entitled to reimbursement as a matter of law.

The first decision the court must make is to determine the applicable standard. Defendants claim we must impose the same standards appropriate to a lawsuit in which a litigant claims reimbursement for counsel fees incurred in that lawsuit. Plaintiff's position is that no special rules apply and that this is

simply an action to recover damages and it is of no special significance that the damages consist of legal fees.

Ordinarily, parties to a lawsuit are not entitled to reimbursement for counsel fees. Some cases have suggested that only statutory allowance makes fees recoverable. For example, the Supreme Court in Corace v. Balint, 418 Pa. 262, 271, 210 A. 2d, 882 (1965), quoted with approval the following language from Smith v. Equitable Trust Co., 215 Pa. 413, 417, 64 Atl. 591, 592 (1906): "'Over and over again we have decided there can be no recovery for counsel fees from an adverse party to a cause, in the absence of express statutory allowance of the same. . . .'"

There appear, however, to be other situations in which counsel fees may be recovered such as when the parties have agreed that damages include such fees or under the application of some special rule such as Restatement, 2d, Torts, §914(2); Vartan Associates, Inc. v. Mt. Joy Borough Authority, 10 D. & C. 3d 243 (1978).

There seems to be no special rule applicable to this case. The provisions of 42 Pa.C.S.A. §2503(9) generally provide that counsel fees may be awarded if the conduct of another party in commencing the matter was arbitrary, vexatious, or in bad faith.

We do not think it is significant that plaintiff is seeking reimbursement for legal fees expended on behalf of someone else. The persons for whom they were expended would have been forced to meet the standards of the Judicial Code section before being able to recover. Plaintiff is entitled to no better position than the litigants for whom fees were provided.

We, hold, therefore, that plaintiff is bound by the standards enunciated in section 2503(9), supra. Under those standards, its case must fall.

Although section 2503(9) applies, by its terms, to reimbursement being granted in the same case in which attorney fees are incurred, we do not conclude that such fees may not be collected on a separate suit. Many times, suits are dismissed before a demand for attorney fees can be made. We point this out in case plaintiff can properly allege and prove a basis for such recovery.

## PUNITIVE DAMAGES

Plaintiff has not alleged defendants acted outrageously or with malice. However, plaintiff argues that the facts alleged permit a finding of outrageous and malicious conduct and therefore could justify an award of punitive damages.

Cases generally hold that punitive damages may properly be awarded only when conduct is outrageous, done with a bad motive and with a reckless indifference to the rights of others: Purcell v. Westinghouse Broadcasting Company, 411 Pa. 167, 191 A. 2d 662 (1963). The purpose of the award is not only to compensate plaintiff but to discourage the type of conduct in question. Any award must be based upon intentional, wilful, or wanton conduct after consideration of the act itself, the circumstances, the motive of the wrongdoer and the relations between the parties: Chambers v. Montgomery, 411 Pa. 339, 192 A. 2d 355 (1963).

It would have been a simple matter for plaintiff to have alleged malice or wrong intent: Pa.R.C.P. 1019(b). At least one case has held the absence of such allegation to be fatally defective: Adams v. Rodfong, 7 D. & C. 3d 463 (1978).

In the absence of such an allegation, we look to determine if the facts alleged warrant a finding of conduct conforming to the requirements.

Essentially, plaintiff has said defendants agreed to breach the agreement and to deprive plaintiff of its lawfully earned commissions. This, in the court's opinion, merely claims an intentional, but not an outrageous or malicious, breach.

Cases dealing with the vexatiousness and bad faith essential to the award of counsel fees are relevant for our consideration of punitive damages. A host of cases, cited in Corace v. Balint, supra, have held that counsel fees cannot be awarded for mere breaches of an agreement. The same would seem to hold true for punitive damages.

## DEMURRER AS TO COUNT IV

Plaintiff argues it has pled enough to show a civil conspiracy. A civil conspiracy requires a showing that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means: Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 412 A. 2d 466 (1979).

The complaint alleges that "defendants Richard A. Slaybaugh, Jean T. Slaybaugh and Mt. Ridge Farms Inc." agreed to do certain things with the intent of depriving plaintiff of its commissions. The Slaybaughs are husband and wife and control Mt. Ridge.

A corporation cannot conspire with its sole shareholder: Id. The same would be true in this case where it is alleged the Slaybaughs incorporated and controlled Mt. Ridge.

We think the complaint states merely that defendants intentionally breached their agreement with plaintiff. That hardly amounts to a conspiracy.

Even though we are dealing with an amended complaint, we must allow repleading if it appears, which it does, that defects in the amended com-

▬▬▬▬▬▬▬ ▬▬▬▬

plaint may be cured by amendment: Mace v. Senior Adult Activities Center of Montgomery County, ____ Pa. Superior, Ct. ____, 423 A. 2d 390 (1980). Accordingly, the attached order will be entered.

## ORDER

And now, February 23, 1981, defendant's preliminary objections to Count IV and to demands for punitive damages and attorney's fees are sustained and those parts of the complaint are dismissed. Plaintiff shall have 20 days from today's date to file either an amendment to the complaint or an amended complaint.