516 A.2d 409

Constantine Stephano and Robert Quick, Trading as Franklin Properties, Appellants *v.* Township of Saint Thomas and Saint Thomas Township Municipal Authority, Appellees.

St. Thomas Concerned Citizens Group by Robert E. Scott and Leslie Nold, Trustees ad Litem et al., Appellants *v.* Township of St. Thomas and St. Thomas Township Municipal Authority, Appellees.

Argued September 8, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Michael J. Clement*, with him, *Thomas F. Oeste* and *Barbara R. Watkins, Wisler, Pearlstine, Talone, Craig & Garrity*, for appellant, Franklin Properties.

*Terry R. Bossert, McNees, Wallace & Nurick,* for appellant, St. Thomas Concerned Citizens Group by Robert E. Scott and Leslie Nold, Trustees ad Litem et al.

*Jens H. Damgaard,* with him, *Paul A. Lundeen, Rhoads & Sinon,* for appellees.

OPINION BY JUDGE CRAIG, October 17, 1986:

Constantine Stephano and Robert Quick, trading as Franklin Properties, and Saint Thomas Concerned Citizens Group appeal from an order of the Court of Common Pleas of the 39th Judicial District-Franklin County Branch, which sustained demurrers by the Township of Saint Thomas and Saint Thomas Township Municipal Authority, and accordingly dismissed Franklin Properties and Concerned Citizens' equity complaints. We affirm.

Franklin Properties and Concerned Citizens' equity complaints sought to enjoin the township and the authority from constructing a sewer system. The township and the authority filed preliminary objections to both complaints. Franklin Properties requested leave to amend its complaint; the trial court granted that request. The township and the authority then filed amended preliminary objections to Franklin Properties' amended complaint.

On appeal, Franklin Properties and Concerned Citizens contend that the trial court erred in concluding (1) that the sewer system, which—according to the complaint—was to be constructed and owned by the authority, was governed by the Municipality Authorities Act of 1945[1] rather than by The Second Class Township Code,[2] (2) that the averments in the complaints did not

---

[1] Act of May 2, 1945, P.L. 382, 53 P.S. §§301-32.

[2] Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§65101-67605.

sufficiently plead an abuse of discretion by the township and the authority as to the construction of the sewer system, and (3) that it lacked jurisdiction to address the reasonableness of the rates and services of the proposed sewer system.

Although a trial court, in considering a demurrer, must accept all the averments of the complaint as true and resolve any doubts in favor of overruling the demurrer, *Vattimo v. Lower Bucks Hospital, Inc.*, 502 Pa. 241, 465 A.2d 1231 (1983), we conclude that the trial court thoroughly addressed each averment, and did not err in sustaining the demurrer.

President Judge EPPINGER, in his comprehensive opinion, dealt with all of the issues described above, and we adopt, with respect to the above described issues, that opinion of the president judge, at *Constantine Stephano and Robert Quick, trading as Franklin Properties v. Township of Saint Thomas and Saint Thomas Township Municipal Authority,* 39 Pa. D. & C. 3d 563 (1985).

The sole remaining issue is whether the trial court erred in dismissing Franklin Properties and Concerned Citizens' complaints with prejudice. If a defective complaint cannot be cured by amendment, dismissal of the action is proper. *Mace v. Senior Adult Activity Center of Montgomery County,* 282 Pa. Superior Ct. 566, 423 A.2d 390 (1980). The trial court ruled, after two judicial conferences and the filing of three complaints which were nearly identical, that the complaints were not curable by amendment. We conclude that the trial court did not err in dismissing the complaints with prejudice.

Accordingly, the order of the Court of Common Pleas of the 39th Judicial District-Franklin County Branch, is affirmed.

ORDER

Now, October 17, 1986, the order of the Court of Common Pleas of the 39th Judicial District-Franklin County Branch at Equity Docket volume 7, page 389 and volume 7, page 393, dated September 5, 1985, is affirmed on the opinion of President Judge EPPINGER.