## Barrist, Appellant, *v.* John Wanamaker Philadelphia, Inc.

Argued April 30, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused November 1, 1965.

*Morris Passon,* for appellant.

*Allen S. Olmsted, 2nd,* with him *Saul, Ewing, Remick & Saul,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, September 29, 1965:

In 1956, Louis Barrist, trading and doing business as the National Collection Office, the plaintiff-appellant herein, entered into oral agreement with the authorized employees of John Wanamaker Philadelphia, Incorporated, the defendant-appellee. The agreement provided that the John Wanamaker Store would submit a portion of its delinquent accounts receivable to the appellant. The appellant would then commence collection procedures and would be paid a percentage fee, contingent on collection. The arrangement continued (with some changes in fees and procedures) until October of 1961, at which time the appellee informed the appellant that his services were no longer desired.

Shortly thereafter, Barrist filed a suit in assumpsit, seeking to recover a sum of money which represented the percentage fee on all the accounts submitted to him. The defendant-appellee filed an answer and counterclaim and the appellant filed a reply to the counterclaim.

The matter was heard before a judge, sitting without a jury, who returned a verdict in favor of the defendant in the original action, and in favor of the defendant in the counterclaim. This appeal followed.

The appellant raises two issues on appeal: first, that the agency is entitled to its commissions on the uncollected accounts. which John Wanamaker Company has withdrawn; and second, the agency is entitled to an accounting of monies collected by Wanamaker on the accounts formerly in possession of the agency.

The agency alleges that it is entitled to a fee on the uncollected accounts on the theory that when one turns

over claims for collection on a contingent fee basis, the claims may not be withdrawn unless a showing of "just cause" is made. In this regard, the appellant-agency cites *United Mercantile Agencies v. Slotsky*, 107 Pa. Superior Ct. 467, 164 A. 349 (1933). In that case, the lower court sustained a demurrer to the agency's complaint, while the Superior Court allowed an amended complaint to be filed on the basis of technical provisions of the Practice Act of 1915, and not on the merits.

The court below found that the appellee had good and sufficient reasons for withdrawing the accounts. Our examination of the record reveals to us that there was sufficient evidence for the court below to make this factual determination, and the findings of fact of a trial judge, sitting without a jury, sustained by the court en banc, have the force and effect of a jury's verdict, and, if based on sufficient evidence, will not be disturbed on appeal. *Penneys v. Pennsylvania Railroad Co.*, 408 Pa. 276, 278, 183 A. 2d 544 (1962). In *Helmig v. Rockwell Mfg. Co.*, 380 Pa. 305, 111 A. 2d 118 (1955), we said, p. 311: "Here the agent's compensation was dependent upon the accomplishment of a specified result. Unless the principal revokes the offer in bad faith, an agent whose compensation is dependent upon the accomplishment of a specified result is not entitled to compensation for services rendered in an unsuccessful effort to accomplish that result, although the principal is thereby benefited, if the services are not part of the bargained for exchange. See Restatement, Agency, §§453, 454. Plaintiff's proof fell far short of showing bad faith by the defendant."

The court found from the evidence that the parties agreed that plaintiff was to be compensated only for the result in collection of delinquent accounts and that the defendant could withdraw accounts from the plaintiff without paying the plaintiff any commission, ex-

cept upon monies the plaintiff had actually collected. The court also found that the plaintiff breached the contract between the parties and that the plaintiff and not the defendant showed bad faith.

In the affirmance of the first question raised by appellant and the affirmance of the court's disposition of defendants' counterclaim, the second question raised by appellant relative to an accounting from defendant has been disposed of.

The defendant's counterclaim is considered in two parts by the court below. First, the defendant claims that monies collected by plaintiff have not been remitted to defendant. The sum shown in the record to be held by the plaintiff totalled $2,336.20, less a commission of $1,032.96. Therefore, defendant was entitled to $1,303.24 on that part of its counterclaim. Second, the defendant also counterclaims that the plaintiff has wrongfully held $620.07 in seven specific accounts.

The evidence shows that four of these accounts were rightfully withheld, but that in regard to three of these accounts, totalling $385.41, the plaintiff did not have a right to withhold the accounts from the defendant. Therefore, on its counterclaim, defendant was entitled to a verdict in the amount of $1,303.24, plus $385.41, or a total of $1,688.65.

Judgment affirmed.

Mr. Justice ROBERTS dissents.