**Janis v. AMP Incorporated**

C.P. of Dauphin County, no. 3246 S 1999.

*Michael J. Crocenzi,* for plaintiff.
*Douglas G. Smith,* for defendant.

BEFORE: KLEINFELTER, *P.J.,* CLARK AND BRATTON,[1] *JJ.*

KLEINFELTER, *P.J.,* April 4, 2002—Before the court is the motion for summary judgment of defendant AMP

---

1. Judge Bratton concurs in part and dissents in part.

Incorporated, as well as the motion for summary judgment of plaintiff Michael D. Janis.

This is a case about an employment contract. Janis was an industrial engineer employed by AMP beginning in 1977. In 1992, AMP desired to send certain employees to its facility in Hermosillo, Mexico, to oversee its manufacturing operation located there. In June of 1992, Janis was interviewed for a position, during which, AMP provided him with a "summary of the policy provisions" which applied to his expatriate assignment. In addition, the document referred to a "Performance/incentive bonus plan" illustrated in an attached memorandum. Upon review of these documents, Janis accepted the Hermosillo assignment and signed the "summary of policy provisions" on June 24, 1992.

Upon accepting the assignment to Hermosillo, Janis sold his home in Wrightsville, Pennsylvania as well as his automobile. Janis moved to Mexico in August 1992, and began work at AMP's Hermosillo facility. He reported to Don Brickner, director of the facility.

Janis' assignment in Mexico appeared to proceed fairly well during the period between 1992 and 1997. However, in February of 1997, AMP informed Janis that he was no longer eligible to receive a bonus under the "summary of the policy provisions." According to Janis, he raised no objection to this rescission because he feared that he would lose his position. Janis then continued to work at the Hermosillo plant until April 30, 1999, when AMP terminated him.

Procedurally, this matter began with Janis' complaint, filed on August 4, 1999, which drew preliminary objections from AMP on September 14, 1999. Janis submit-

ted an amended complaint in response on October 4, 1999. In it, Janis brings three counts: Count I, breach of employment contract; Count II, breach of contract to pay bonuses; and Count III, breach of contract to provide a comparable position in the United States. AMP again filed preliminary objections on October 25, 1999, which were resolved by order of this court, following briefing and oral argument, on March 14, 2000. Thereafter, AMP filed an answer on April 6, 2000, with new matter alleging unjust enrichment and conversion. Janis replied on April 25, 2000.

The first matter at bar is AMP's motion for summary judgment, filed August 16, 2001. Janis filed a response on September 17, 2001. Both parties have briefed their respective positions. Second is Janis' motion for summary judgment, filed November 8, 2001, and accompanied by a supporting brief. AMP has not filed a response to Janis' motion.[1] The parties presented oral argument to

---

1. We admonish AMP's counsel for failing to respond to Janis' motion for summary judgment and direct their attention to Pa.R.C.P. 1035.3:

"(a) The adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within 30 days after service of the motion identifying

"(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

"(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced. ...

"(d) *Summary judgment may be entered against a party who does not respond.*" (emphasis added)

Had both motions not encompassed virtually identical issues, this court would have strongly considered granting judgment in favor of Janis for AMP's failure to respond.

a three-judge panel of this court on February 7, 2002. We begin with the well-established standard for resolving motions for summary judgment.

"[S]ummary judgment is properly granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' . . . Summary judgment may be granted only in those cases where the right is clear and free from doubt. . . . The moving party has the burden of proving that there is no genuine issue of material fact. . . . Moreover, the record and any inferences therefrom must be viewed in the light most favorable to the non-moving party, and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. . . ." *Bigansky v. Thomas Jefferson University Hospital,* 442 Pa. Super. 69, 73-74, 658 A.2d 423, 425 (1995), *appeal denied,* 542 Pa. 655, 668 A.2d 1119 (1995); see also, *Green v. Paul Revere Insurance Group,* 121 Dauph. 63 (2001).

Our first issue within AMP's motion is whether an employment contract existed between AMP and Janis. Janis claims that the "summary of the policy provisions" constitutes an employment contract, while AMP counters that it does not, and fails to counter the "at-will" presumption of employment in Pennsylvania.

" 'As a general rule, there is no common-law cause of action against an employer for termination of an at-will employment relationship.' *Luteran [v. Loral Fairchild Corp.,* 455 Pa. Super. 364,] 688 A.2d [211,] 214 [(1997)]* (citation omitted). ' "The sine qua non of the presump-

tion is that except in rare instances, discharge will not be reviewed in a judicial forum." ' *Id.,* quoting *Scott v. Extracorporeal Inc.,* 376 Pa. Super. 90, 545 A.2d 334, 336 (1988).

"In order to rebut the presumption of at-will employment, a party must establish one of the following: (1) an agreement for a definite duration; (2) an agreement specifying that the employee will be discharged for just cause only; (3) sufficient additional consideration; or (4) an applicable recognized public policy exception.

"*Luteran,* 688 A.2d at 214 (citation omitted)." *Rapagnani v. Judas Co.,* 736 A.2d 666, 669 (Pa. Super. 1999).

Janis contends that the presumption of an at-will employment arrangement with AMP is overcome because the "summary of the policy provisions" is an agreement for a definite duration. We agree. The terms of the "summary of the policy provisions" include the following.

"(2) The assignment is expected to last *three years* but no more than *five years.* Based on business needs, the employee may be returned to the United States prior to *July, 1995* and the company may entertain a personal request to return sooner." "Summary of the policy provisions" at p. 1.

AMP, the drafter of this agreement, has underscored the terms of duration set forth above, which suggests emphasis on a definite time period of Janis' assignment. We believe these terms are sufficiently clear to establish that Janis' assignment at the Hermosillo facility was contemplated by both parties to be between three and five years. Notwithstanding this perceived clarity, any ambi-

guity must be construed against AMP, the drafter of the agreement. *Smith v. Windsor Group,* 750 A.2d 304, 308 (Pa. Super. 2000).

We also agree with Janis that the "summary of the policy provisions" is assumed to have been renewed under the same or similar terms when Janis continued to render his services after the agreement expired after five years, on June 24, 1997. *Kapustik v. Arnold City School District,* 177 Pa. Super. 268, 272-73, 111 A.2d 169, 171 (1955). As we indicated above, the "summary of the policy provisions" is indeed an employment contract for a term of three years but for no more than five years. On its face, AMP was required to employ Janis for the three-year period between June 24, 1992, and June 24, 1995. In conformance with the terms of the contract, Janis actually was employed for the entire five-year term, until June 24, 1997. Instead of the assignment terminating, however, Janis continued to render his services, and AMP continued to pay him, beyond June 24, 1997. This continuing performance by both parties caused the agreement to, in effect, "roll over" for a term similar to the prior agreement. The result was a new contract for a term of three to five years that could expire at the earliest on June 24, 2000. Because AMP terminated Janis on April 30, 1999—nearly 14 months prior to the agreement's earliest expiration—it is possible that a verdict could be rendered in favor of Janis for breach of this new contract.

We are convinced, as illustrated by the discussion above, that the presumption of Janis' status as an at-will employee is overcome. We need not address Janis' argu-

ment in support of sufficient additional consideration. Accordingly, Janis and AMP were both bound by the "summary of policy provisions" as a valid employment contract, the breach of which is subject to factual interpretations. Summary judgment as to Count I is therefore denied.

We next turn to AMP's argument that summary judgment must be granted as to Count II, breach of contract to pay bonuses. AMP bases its argument on its contention that Janis was an at-will employee and therefore cannot bring a claim for breach of the bonus agreement since he failed to object when the retraction of the bonus plan was announced.

What must be initially distinguished is the difference between AMP's failure to pay bonuses and its retraction of the bonus plan. The former speaks to the anticipatory nature of earning a bonus; namely, that a bonus plan may exist, but the employee has failed to meet the standards of eligibility to earn a bonus. This in no way implicates the retraction of consideration; in this case, the bonus plan itself. Instead, the bargained-for bonus plan remains in place, but the employee simply did not earn a bonus. Here, Janis claims that AMP cancelled the bonus plan and did not merely fail to award a bonus. This is an integral element of consideration in this employment contract, the rescission of which may amount to breach. Although Janis did not object to AMP's unilateral cancellation of the bonus plan in 1996, he did file his cause of action within the four-year statute of limitations in 1999. Therefore, AMP's motion for summary judgment as to Count II is denied.

AMP next addresses its motion as to Count III, breach of contract to provide a comparable position within the United States. The contract provides:

"(3) Upon completion of the assignment, the employee will be returned to a comparable position in the United States." "Summary of the policy provisions" at p. 1.

Here, we are in agreement with AMP that paragraph three governs when an expatriate assignment was completed, not when an employee is terminated, as in this case. The pertinent provision for termination is found in the following paragraph.

"(15) In the event the company terminates your employment while abroad, the company will pay moving expenses for your household goods and furniture as outlined in the policy. Expenses for you and your family to return to your point of origin will be paid according to the policy provided you return within 30 days of termination. No expenses will be paid after your return to your point of origin." "Summary of the policy provisions" at p. 2.

Since we hold that the "summary of the policy provisions" is indeed a contract, we must hold its provisions enforceable. Paragraph 15 of the agreement is clear regarding termination and we must grant AMP's motion as to Count III.

AMP also moves for judgment regarding its counterclaims of unjust enrichment and conversion. We may quickly dispose of AMP's motion regarding its claim of overpayment of vacation and severance pay, as Janis effectively concedes this by not offering a response.

We cannot, however, grant AMP's motion as it concerns Janis' failure to vacate his company-owned home. First, we reject Janis' argument that because the company home is in Mexico, this court is without jurisdiction. Issues of jurisdiction must be raised via preliminary objections. Pa.R.C.P. 1028(a)(1). By failing to raise jurisdiction by preliminary objection to AMP's answer with new matter, Janis has waived this issue. Notwithstanding this procedure, however, we hold that this court may entertain a cause of action regarding the subject matter of a contract created within its jurisdiction. In this case, the subject is the monetary value of consideration conferred by the employment agreement, *i.e.,* the fair rental value of the house. AMP's claims do not address actual physical possession, which concededly would be of Mexican jurisdiction. The essence of the matter of whether Janis is liable for conversion or unjust enrichment is a matter of factual interpretation.

Our final matter for disposition is Janis' motion for summary judgment. Although we have indicated that the "summary of the policy provisions" is indeed an employment contract that renewed itself after its expiration, we are not convinced that the circumstances regarding its breach are without factual discrepancies and can be resolved as a matter of law. This also holds true for Janis' claim that AMP breached this contract by revoking the bonus plan. Finally, by granting AMP's motion pertaining to Count III, failure to provide a comparable position in the United States, Janis' corresponding motion is obviously denied.

Accordingly, we enter the following:

## ORDER

And now, April 4, 2002, the following is hereby ordered:

(1) The motion for summary judgment of defendant AMP Incorporated regarding plaintiff Michael D. Janis' Counts I and II is denied;

(2) defendant's motion for summary judgment regarding plaintiff's Count III is granted;

(3) defendant's motion for summary judgment regarding its counterclaim alleging overpayment of vacation and severance pay is granted;

(4) defendant's motion for summary judgment regarding its counterclaim of failure to vacate company home is denied;

(5) plaintiff's motion for summary judgment is denied.

BRATTON, *J.,* April 9, 2002—

## CONCURRING AND DISSENTING STATEMENT

I concur in the foregoing opinion as to the denial of plaintiff's motion for summary judgment, as to the denial of defendant's motion for summary judgment regarding its counterclaim for alleged failure of the plaintiff to vacate the company home and as to the granting of defendant's motion for summary judgment regarding its counterclaim for alleged overpayment of vacation and severance pay and regarding Count III of the complaint.

I respectfully dissent, however, as to the denial of the defendant's motion for summary judgment as to Counts I and II of the plaintiff's complaint.

I do so because I simply do not agree that the "summary of policy provisions," even if it sets out terms which may arise to a contract of employment, provides sufficiently specific terms of "definite duration" to overcome the presumption of at-will employment. This "summary of policy provisions" only provides that the plaintiff's assignment in Mexico "is *expected* to last three years but no more than five years." (emphasis added) Such an expectation is not, I submit, sufficient to establish a definite duration of the employment. Further, paragraph 15 of that self same "summary of policy provisions" expressly anticipated the possibility of termination of the employee and limited the company's responsibilities in such event.